Woox>, C. J.
One question only is raised upon this record by the counsel for the plaintiff in error: whether, under the circumstances of the case, the defendants in error could legally rescind the contract for the purchase of the goods, without the return of Eustaphieve’s acceptance- to the purchaser, Nathan L. Stout ? A determination of this one question, decides whether the Supreme Court erred or not, on the circuit, in affirming the judgment of the Court of Common Pleas, in refusing to charge the jury, that, without such return, the defendants in error were entitled to recover.
The evidence clearly shows, a most infamous fraud had been perpetrated by the purchaser of the goods. Under the false representations made as to his property and circumstances, by Stout, it is certainly right to presume, the defendants in error relied, at least, as much on his responsibility as the drawer of the bill, as on the acceptance of Eustaphieve, of whose ability to pay, nothing, in fact, is shown.
Where goods are obtained by fraud, the purchaser acquires no lawful possession as against the vendor, for the reason that his assent to the delivery was procured by such means. To say the least, such contract is voidable. It may be disaffirmed, and the goods reclaimed.
It is nevertheless true, to enable the vendor to repossess himself of the goods, he must restore the vendee to his originá! rights. The consideration paid must be returned — the security given must be tendered back, or delivered up to be cancelled. *216 But, if this be waived by the vendee, no other person has,the right to complain, and such appears to us to be the case at bar. The bill'was left; by the consent of Nathan L. Stout,, with the attorney, subject to .Stout’s order; with, the acceptance erased1 What reason has either the plaintiff in error, Frost, orBockhili the attaching creditor, to complain Of this ? They had neither property in, nor lien ■upon this acceptance, and Stout had the perfect right to waive its return, or to receive the bill without it, and the result, in our view, Would be precisely’the same ' — the rescission of the contract.
But suppose this were not so - — useless anf! idle ceremonies are neither favorites.of the law, nor, required by common .sense; and if the withholding of the acceptance can,' in no event, be of prejudice to Stout, its return is, by no means necessary to enable the defendants in error to reclaim the property.
From the^evidence of David B. Stout,. Eustaphieve w.as, doubtless, an accommodation acceptor, with no funds' to. meet this liability; and when the bill was,returned, and the acceptance erased, the condition of' Nathan L. Stout was no worse than .with an accommodation acceptance in han'd.
. But, if the bill were in fact drawn upon funds in the hands of Eustaphieve, and .accepted by híni upon the strength of such' funds, the erasure of the-acceptance makes his (Stout’?) condition no worse. No debt’- — no obligation,has been discharged, by the acceptarice, without payment, and the. acceptance being destroyed, the same!;'funds remain, subject to Stouf's order, in Eustaphi.eve’s hands.
The case cited from 1 Metcalfe, 547, is by no means analgous to thjs. There, B bought goods of C, and gave in payment a note, with two forged indorsements upon it, but the-name of the'maker was not a forgery: The note was not tendered back, but assumpsit' brought’ for the goods sold, and it was held the plaintiff could .not recover, . .-The case was 'dpubtless correctly decided; for-Bingham, .the1 defendant, had the right to the return of the note, that he’might avail himself of the maker’s responsibility, whose name whs' genuine; and, *217 without it, he was not restored to his original rights. But had the names of all the parties to the obligation been false, it is by no means certain its return would have been considered necessary, to enable the plaintiff to have recovered.
Where nothing of value is received, nothing need be returned.

Judgment Affirmed.