WILLIAM E. DILLON, PLAINTIFF IN ERROR, V. GILBERT
B. SCOFIELD AND OTHERS, DEFENDANTS IN ERROR.

Action on Replevin Bond: SUBROGATION. G. B. S. sued H.
B. in replevin. H. & K. became sureties on the replevin bond.
Judgment for defendant. G. B. S. sued out a writ of error to
the supreme court, and gave a supersedeas bond with W. E. D.
as surety. The judgment was affirmed in the supreme court.
Suit was then commenced on the supersedeas bond, and judg-
ment obtained against G. B. S. and W. E. D. G. B. S. being
insolvent, the money was collected from W. E. D., who brings
this suit against G. B. S., H., and K., and prays to be subro-
gated, etc. In his petition he alleges that "the said defendant
G. B. S., with the knowledge, consent, and *concurrence* of the
other defendants herein, M. M. H. and C. K., removed the
said cause to the supreme court by petition in error, and in
order to stay proceedings   *   *   *   this plaintiff, as surety
for the said defendants G. B. S., M. M. H., and C. K., signed
and executed a supersedeas bond." The district court sustained
a general demurrer to the petition. *Held*, to be error, and re-
versed.

ERROR to the district court for Otoe county. Heard
below before POUND, J.

*J. L. Mitchell,* for plaintiff in error. The relation of
a replevin bond given under our statute to a subse-
sequent error or appeal bond given in the same case
is that of principal to a supplemental obligation; and
therefore the replevin bond must pay the debt to the
relief of the appeal bond. *Hartwell v. Smith,* 15 Ohio
St., 200. *Parsons v. Briddock,* 2 Vernon, 608. *Cowan
v. Duncan,* 1 Meigs, 470. *Howe v. Frasier,* 2 Rob., La.,
424. *Sayler v. Ross,* 15 Ind., 130. *Sayler v. State,* 5
Ind., 202. Story's Equity, sec. 498. *Craythorne v.
Sweinburne,* 14 Vesey, 159, 165, and 199. 1 Lead. Cas.
Eq., H. & W.'s notes, 116 and 158. But suppose we
are wrong in this theory of the case, and the defend-
ants Hamlin and Keegan are not principals, we then

insist on the right of subrogation or substitution. Dillon having paid this debt is entitled to stand in the place of the creditor, and to have all the rights which the creditor had for the purpose of reimbursement. *Mathews v. Akin,* 1 N. Y., 595. *Lewis v. Palmer,* 28 N. Y., 271. *Armitage v. Pulver,* 37 N. Y., 494. *Hartwell v. Smith,* 15 Ohio St., 200. See also *Keokuk v. Love,* 31 Iowa, 119.

*John C. Watson* and *H. R. Wodehouse,* for defendants in error, cited *Winston v. Rives,* 4 Stew. & P. (Ala.), 269. *Brooks v. Shepherd,* 4 Bibb, 572. *Smith v. Bing,* 3 Ohio, 33-41. *Chaffin v. Campbell,* 4 Sneed, 184, *Carmon v. Duncan,* Meigs, 470. *Smith's Exrs. v. Anderson,* 18 Md., 520. *Kellar v. Willliams,* 10 Bush., 216. *Dunlap v. Foster,* 7 Ala., 734. *Hinckley v. Kreitz et al.,* 58 N. Y., 583. *Wells v. Miller,* 66 Id., 255.

COBB, J.

This case turns upon a single point. The plaintiff alleges in his petition that the defendant Scofield commenced an action in the district court against Henry Brown, administrator, etc., to recover the possession of one piano and piano stool; that in the course of such action, such proceedings were had that * * * the said defendants, Scofield, Hamlin, and Keegan, made and executed to the said Henry Brown, administrator, etc., their written undertaking, a copy of which is set out in said petition, and is the usual undertaking in replevin, in the penal sum of six hundred and two dollars, double the alleged value of the piano and stool; "that the said Gilbert B. Scofield, plaintiff, shall duly prosecute his action aforesaid, and pay all the costs and damages which may be awarded against him, and return the property to the defendant in case judgment

for the return of such property be rendered against him;" that the goods and chattels referred to in the said undertaking were delivered to the said Scofield pursuant to said undertaking, etc.; that such further proceedings were afterwards had in said action that, at the March term, 1877, of the said court a verdict in the said court was rendered against said Gilbert B. Scofield, wherein the right of possession of the said goods and chattels was found to be in the said Henry Brown, administrator, etc., and the value of said possession was found in and by said verdict to be $301, and judgment was accordingly rendered by said court against the said Gilbert B. Scofield and in favor of the said Henry Brown, administrator, etc., for the return of the said property, or in default thereof for the said sum of three hundred and one dollars damages, and the further sum of one hundred and four dollars, the costs and charges in the said suit. Whereupon the said defendant Scofield, with the knowledge, consent, and *concurrence* of the other defendants herein, M. M. Hamlin and Charles Keegan, removed the said cause to the supreme court of the state by petition in error, and in order to stay proceedings against the said Scofield and the other said defendants upon said judgment until said petition in error could be presented to and considered and determined by the said supreme court, the said plaintiff Dillon, with others, and as security for the said defendants, G. B. Scofield, M. M. Hamlin, and Chas. Keegan, signed and executed a bond," which bond is set out in full.

The plaintiff in his said petition further alleges that the said judgment was affirmed by the supreme court, and a mandate thereupon issued to the district court of Otoe county to enforce the collection thereof. That execution issued thereon against the said Scofield, and was returned *nulla bona.* That thereupon suit was

brought against the plaintiff by the said Henry Brown, administrator, etc., upon the said supersedeas bond, and he, the said plaintiff, had been compelled to pay the amount of said judgment and costs, etc.

For the purposes of this suit at its present stage, by virtue of the demurrer of the defendants, it stands admitted that it was with the knowledge, consent, and *concurrence* of the defendants that the said replevin suit was carried to the supreme court on error. Not only so, but it also stands admitted that the plaintiff signed and executed the said supersedeas bond as security for the defendants Hamlin and Keegan, as well as for Scofield.

In the case of *Hartwell v. Smith*, 15 Ohio St., 200, cited by counsel for the plaintiff, the supreme court of Ohio say: "In regard to this question of superiority of equities, which is liable to arise in the case of prior and subsequent bonds executed by different sureties for distinct purposes, and both constituting securities in the hands of the creditors for the same debt, it is well settled that if the interposition of the second surety is for the benefit of the principal alone, without the sanction or assent of the first surety, who may be prejudiced thereby, as when the effect of the second bond is to prevent the enforcement of present payment from the principal, and thus to prolong the responsibility of the first surety; in such a case the equity of the first surety is superior, and he is entitled to be subrogated to the rights of the creditor as against the second. * * * But the rule is otherwise when the surety in the second becomes bound for a purpose in which both the principal and the prior surety concur, in which they both have an interest, and where the assent of the prior surety is expressly given, or is clearly inferred from the circumstances of the case. In such a case the last surety has a right to look for his indem-

nity, not only to his principal but to such fixed securities as had been given to the creditor when his engagement was entered into, and on the faith of which he may be presumed to have incurred his obligation."

I understand the word *concurrence*, or *to concur*, to mean something more than a mere acquiescence or silent submission. But whatever it means, it is within the above authority, as well as the reason of the case, that if the plaintiff signed and executed the supersedeas bond with the *concurrence* of the sureties to the replevin bond, or if he signed the supersedeas bond in point of fact as the surety of all the defendants, Hamlin and Keegan, as well as Scofield, he is entitled to be subrogated to the rights of the defendant in the original replevin suit. And he having presented an issue on those points in his petition, is entitled to an answer from the defendants.

I therefore conclude that the court erred in sustaining the demurrer, and such judgment is reversed and the cause remanded for further proceedings, in accordance with law.

REVERSED AND REMANDED.