## EQUITIES BETWEEN SURETIES.

[Common Pleas Court of Defiance County.]

### J. H. GARES v. E. F.· STEVER.

Decided, June 25, 1906.

*Contribution—Settlement Between Sureties—Where the Indebtedness of One is Applied For Relief of the Sureties—Indemnity of One Surety Inures to the Joint Benefit of Both.*

One who, being surety with another for an insolvent decedent, and at the same time debtor to said decedent's estate, succeeds in having the whole amount of his debt to the estate applied to the reduction of the decedent's debt upon which he is one of the sureties, and then pays the balance· thereof in money, can not compel contribution of his co-surety for more than a moiety of the amount actually paid in money; whatever advantage he gains by the application of his own debt inures to the benefit of his co-surety.

KILLITS, J.

This case, involving less than fourteen dollars, has been fought as if millions were at stake. Gares and Stever were sureties for Partee, on a note for $100 made to one Patten. Partee, who was a thresher, died insolvent, and from his estate proper, was paid on the note a dividend of but $18.54, leaving due thereon, with accrued interest, about a hundred and twenty-five dollars. Gares was also debtor to Partee's estate for a threshing bill, and at the time the final dividend was paid by the administrator, on the note, Gares paid his threshing bill, also to be applied on the note. The endorsements on the note,· setting these payments up, are as follows:

"Jan. 5, 1903, rec'd from W. H. McCauley, admr. of O. B. Partee, Eighteen & 54-100 the amount that said est. paid on note. Jan. 5, 1903,· rec'd from W. H. McCauley, adm. twenty-six and eighty-one cents, said amount paid to adm by J. H. Gares."

The plaintiff's threshing debt to Partee's estate was $26.81. The testimony of McCauley, the administrator, made it plain that the entire amount of Gares' debt to the estate, instead of swelling the fund available for the payment of dividends, was applied on this note for the relief of the sureties, to that extent, and that no attempt has been made otherwise to collect Gares'

debt to the estate, the administration of which has been fully settled. Subsequently Gares was compelled to pay the balance due on the note, $114.20, this being only the amount and interest due after the application of his said debt in full. He now sues Stever, not only for one-half of the $114.20, but also for one-half of the $26.81, the amount of the threshing bill.

It is the view of the court that the contention that Gares may get back from his co-surety one-half of his threshing bill credit arises from confusion as to the exact nature of the right of contribution, which rested originally upon equitable principles (*Hartwell* v. *Smith,* 15 Ohio State, 200) and so generally acknowledged that courts of law assume to imply a contract status to sureties upon the theory that they take upon themselves that position because of the universality of the equitable principle. Brandt on Suretyship, Section 254.

From this it follows, that the right of contribution arises, in law at least, only after payment has been made by one surety in excess of his share, and to the extent, only, that he has paid. Stearns' Suretyship, Sections 286, 288; 9 Cyc., 798, 800; 7 Encyp. of Law, 2d Ed., 332, 342; *Camp* v. *Bostwick,* 20 Ohio State, 337, 348.

The cases cited in the notes to the texts referred to above, amply support the proposition that in no manner can one surety speculate off of the other. Any indemnity which one surety may get from the principal is for the joint benefit of his co-surety, even if the latter is unaware of the fact; if one discounts the debt in paying, he must share the results of his business acumen with his co-surety; in short, every surety must account to his fellow for every advantage he gets in settling with the creditor. The authorities upon which these propositions are based, and which are referred to in the notes to the text-books and encyclopedias, present such a variety of facts to which the principle was applied, that to hold differently in this case would be both an innovation and a presumption. So far, at least, Gares has actually paid but $114.20. That amount measures his entire loss by reason of his suretyship. In no sense can it be said that the credit of the threshing bill on the note was a payment by him as surety. He is not out of pocket to any extent by reason of that payment. He but met an obligation that was his alone,

It is made plain from the administrator's testimony that Gares got thereby credit on his debt to the estate. The administrator says that he gave a receipt in full for it. While it may have been irregular for the administrator to apply this threshing bill on the Patten note and not add it to the fund for distribution in dividends, we faid to see how, equitably, Gares can claim advantage to such irregular action, and ask his co-surety to pay him back half of it. Should it happen that the creditors of Partee's estate ever compel Gares to correct the irregular application of his debt, and he be required to pay an additional sum, it will then be time for him to ask more assistance from Stever. We hold, therefore, that Stever may be required to pay but one-half of the $114.20.

Just prior to the commencement of this case before the justice, in which Gares sued Stever for $70.50, the latter tendered to the justice sixty dollars, to be used by him, as collector for Gares, having the claim, in paying Gares the half of $114.20, with the accrued interest. The tender was more than ample to meet Gares' claim, on this basis, with interest and costs. The money being refused by Gares, because half of the threshing amount was not included, it was received back by Stever, and the case was begun and tried out below, without further being done respecting the tender, and a verdict was returned, upon which judgment was entered, in behalf of Gares, for $57.10. Gares appealed, and after the filing of the petition in appeal in this court, Stever attempted to make his tender good by depositing the amount, $57.10, with costs, with the clerk of this court. Upon this situation arises a contention over costs. It is the court's opinion that the tender before the justice was ineffective to save Stever the costs there, because the money was not allowed to remain with the court (*Bahmann* v. *Stoner*, 59 Ohio State, 497) ; and that all the costs made herein since the appeal, including the costs on the appeal, are to be adjudged to Gares because he recovered no more by his appeal than was awarded him below (Section 6591). The judgment is, then, that Gares recover of Stever the sum of $57.10 and the costs made in justice's court, and that the plaintiff pay all other costs.

*J. H. Hockman* and *Harris & Cameron*, for plaintiff.
*John W. Slough, for defendant.*