No. 10,842.

LIGGETT, ET AL. v. ALLEN, ET AL.

Decided April 6, 1925.

Action for real estate brokers' commission.   Judgment for plaintiffs.

*Affirmed.*

1.   BROKERS—*Real Estate—Commission.*   In an action by real estate brokers for commission, the question whether plaintiffs were the procuring cause of the sale, or whether defendants in discharging plaintiffs and making the sale acted in good faith, held properly submitted to the jury.

2.      *Real Estate—Commission.*   While a broker's employer may discharge him at any time and sell the property himself, he cannot escape the payment of a commission by discharging the broker and himself closing the deal with a prospect procured by the agent.

3.   EVIDENCE—*Exclusion—Harmless Error.*   A party may not complain of the exclusion of evidence, where the point involved is sufficiently covered by other testimony.

4.   BROKERS—*Real Estate—Evidence—Relevancy.*   In an action for a real estate broker's commission, evidence of the source of funds for the purchase of the property held irrelevant.

5.   APPEAL AND ERROR—*Instructions.*   A party may not complain of instructions where the error, if any, is in his favor, nor of the refusal to give requested instructions which are covered by those given by the court.

*Error to the District Court of the City and County of
Denver, Hon. L. C. Stephenson, Judge.*

Mr. WILLIAM W. GARWOOD, Mr. OMAR E. GARWOOD, Mr.
EVERETT BELL, Mr. JAMES R. HOFFMAN, for plaintiffs in
error.

Mr. BENJAMIN GRIFFITH, for defendants in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

ALLEN & VAN SICKLE, real estate brokers, had a verdict
and judgment against Liggett and Halverson, plaintiffs in
error, for a commission on the sale of the lease and furni-
ture of the Hotel Tours, and the case comes here on error.
A motion for a directed verdict for defendants was denied.

There is evidence to show that about October 1, 1922,
defendants employed plaintiffs to sell the hotel for $25,000
and agreed to pay a commission of ten per cent, that plain-
tiffs procured and introduced Mr. and Mrs. Little, to whom
the defendants sold for $22,500. This, of course, would
entitle the brokers to their commission on the latter sum;
but defendants say that the employment was not exclusive,
that plaintiffs after long effort were unable to get the
Littles to purchase, that the defendants therefore dis-
charged them from their employment, made a contract of
sale to one Kelley, which sale fell through, and then took
up the Littles again and consummated a sale to them for
$22,500. This, if done in good faith, would deprive plain-
tiffs of their right to a commission; but plaintiffs deny it
and say that they were never discharged. Their evidence
shows that with the knowledge and consent of defendants
and of Liggett, the husband and agent of the defendant of
that name, and under the direction of one Bennett, defend-
ants' attorney in the matter, they continued in the attempt
to make a sale to the Littles, with good prospect of success,

up to a day in December, 1922, when the Littles, declining to make a written offer of $22,500, for submission to the defendants, until the next day, on that next day bought of defendants at that price.

The court, in substance, rightly left it to the jury to say which story was true, whether the defendants acted in good faith and whether the plaintiffs were the procuring cause of the sale. The law is too familiar to need citation, but see *Howe v. Werner*, 7 Colo. App. 530, 44 Pac. 511; *Hodgin v. Palmer*, 72 Colo. 331, 211 Pac. 373. While it is true in general that a broker's employer may discharge him at any time and sell the property himself, yet there are exceptions. One cannot take advantage of his broker's work and escape payment of commission by closing the deal himself or even by discharging the broker and then closing the deal himself. It follows that the motion for directed verdict was properly denied, and that there was evidence sufficient to justify the verdict.

The defendants offered to show that after they had discharged plaintiffs and before they sold to the Littles, they made a contract of sale with one Kelley which was afterwards cancelled. They argue that this was material and relevant to the question of their good faith in the discharge and subsequent sale to the persons whom plaintiffs had produced, since it tended to prove that it was not to close with the Littles that they discharged plaintiffs. It was already in evidence, however, that defendants were dealing not only with Kelley but with several other persons concerning a sale of the hotel, which is all that could have any force to prove good faith. The details of the transaction between them and Kelley were immaterial; defendants, therefore, had in evidence all that they ought to have on this subject.

The defendants were not allowed to show that the sale could not have been made if one Tripp had not procured for the Littles a loan of $15,000. This is irrelevant. It is of no consequence how the Littles got the money for their purchase.

The defendants object to instructions. We have read the instructions which were given and the only possible errors we find are in defendants' favor. We have also read the instructions which defendants offered and we find none which are right that were not in substance given; it is not necessary to discuss them. Their substance was as stated above.

Judgment affirmed.

MR. JUSTICE ALLEN sitting for MR. CHIEF JUSTICE TELLER and MR. JUSTICE WHITFORD concur.

### *On Rehearing.*

MR. JUSTICE DENISON.

A rehearing was granted in this case because we had overlooked the fact that a request for oral argument had been made. We have now heard oral argument but can see no reason for withdrawing our opinion.

It is therefore adhered to.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE WHITFORD concur.