## No. 11,527.

### BOSWORTH *v.* GARWOOD.

Decided April 26, 1926. Rehearing denied May 24, 1926.

Proceeding by scire facias to obtain execution upon a judgment, against the surety upon a supersedeas bond. Judgment for defendant.

### *Reversed.*

### *. On Application for Supersedeas.*

1. PRINCIPAL AND SURETY—*Judgment—Purchase.* The purchase by a surety company of a judgment against its principal, places it in the same position as if it had paid the judgment.

2. *Redelivery and Supersedeas Bonds—Sureties—Interests.* As between sureties on redelivery and supersedeas bonds, it is held, under the facts disclosed, that the equities of the former were superior to those of the latter.

3. *Supersedeas—Conditional Consent.* The consent of a surety company to execute a supersedeas bond upon condition, amounts to a refusal where the condition is unfulfilled.

4. STATUTES—*Construction—Bond—Scire Facias.* Under section 428, Code '21, the judgment to which no error lies, is the judgment of the court entered upon the bond, not the decision of the court on the scire facias.

5. BOND—*Scire Facias—Burden.* In a proceeding by scire facias to obtain execution upon a judgment on a supersedeas bond, the burden is upon the surety to show cause why the execution should not issue.

*Error to the District Court of the City and County of Denver, Hon. James C. Starkweather, Judge.*

Messrs. PERSHING, NYE, TALLMADGE & BOSWORTH, for plaintiff in error.

Mr. EVERETT BELL, for defendant in error.

*Department Two.*

Mr. Justice Denison delivered the opinion of the court.

Bosworth, plaintiff in error, was defeated in a proceeding by scire facias to obtain execution upon a judgment against Jeanne C. Garwood upon a supersedeas bond, and brings error. The National Surety Company became surety on a redelivery bond in an attachment suit, and money in bank which had been attached was thereby released. The company received certain stock as collateral indemnity. The plaintiff in that suit had judgment and the attachment was sustained. Thereupon the defendant, without the said surety's consent, obtained a writ of error and supersedeas from this court where the judgment was affirmed. *Liggett v. Allen,* 77 Colo. 116, 234 Pac. 1072. In the meantime the collateral stock had become worthless. Bosworth, acting for the Surety Company, then purchased the judgment and, under Code 1921, § 428, obtained judgment against Mrs. Garwood and instituted scire facias to obtain execution against her. The court denied the execution.

There would seem to be no doubt that by the purchase of the judgment the surety company was in the same position as if it had paid it and we consider the case accordingly.

The plaintiff in error claims that the equities of the surety on the redelivery bond are superior to those of the sureties on the supersedeas bond because the supersedeas caused the delay (that is, amounted to an extension of the maturity of the principal's obligation on the first bond), and so prevented the company from realizing on the collateral while it was good; that since this was voluntary on the part of the supersedeas surety, and done for the benefit of the principal, he, plaintiff in error, is entitled to exoneration from her. We think he is right. The argument is sound and based on the

ordinary rules as to treatment of sureties; it is moreover well supported by authority. The following are a few of the cases: Stearns on Suretyship, 3rd Ed., 454, § 254; *Hartwell v. Smith,* 15 Ohio St. 200; *Opp v. Ward,* 125 Ind. 241, 24 N. E. 974, 21 Am. St. Rep. 220; *Fid. & Dep. Co. of Maryland v. Bowen,* 123 Ia. 356, 98 N. W. 897, 6 L. R. A. (N. S.) 1021; *Burns v. Huntingdon Bank,* 1 Penr. & W. (Pa.) 395; 25 R. C. L. 1330.

The defendants in error claim that the surety company consented to the supersedeas, and this is the only real question in the case. The company cannot, of course, claim it was injured by that to which it consented, but the evidence upon which the court found such consent was that the company, when asked to become surety on the supersedeas bond, declined to do so without new collateral, but said it would if such collateral was furnished. This was not consent but refusal. New collateral would have protected the company; it might well consent upon such condition, but consent upon condition unfulfilled is refusal; if the offer to go on the supersedeas bond upon condition was a consent to the supersedeas at all, it was a consent upon that same condition and it follows that it was also a refusal upon that condition unfulfilled.

It is argued that the company acquiesced in the supersedeas because it knew and did not object; but the fact that it had no right to object seems to be overlooked. It is argued also that it acquiesced because it displayed "great interest in the event of the writ of error," by this does not tend to show consent, because the company had reason to be interested whether it had consented or not. The evidence does not justify a finding of consent.

Defendant in error claims that there was no showing that the company was injured by the delay or that the collateral stock became worthless. The injury is that the stock might have become worthless (*Hartwell v. Smith, supra*), but be that as it may, the court refused

Bosworth's offer of evidence on this point and assumed that the stock was worthless; upon the question, then, of reversal or affirmance the case is as if the stock had become worthless.

It is claimed that Code 1921, § 428, forbids a writ of error in such a case as this, but the judgment to which no error lies is the "judgment of the court *so entered on such bond,*" not the decision of the court on the scire facias. C. L. 1921, p. 181, lines 3 and 4.

Defendant in error relies on *Day v. McPhee,* 41 Colo. 467, 93 Pac. 670; but in that case the surety on the first bond expressly consented to the appeal and there were other equities which distinguish that case from this.

It is claimed that there is no showing that the judgment debtors in the attachment suit are not solvent, nor that any attempt has been made to collect from them. The burden was on Mrs. Garwood to show cause why execution should not issue. This depended on whether her equities were superior, on which question the burden was upon her. If the solvency or insolvency of anybody was relevant to that question it was for her to show what the fact was.

Both parties ask us to decide the case now.

Supersedeas denied. Judgment reversed with directions to grant the execution.

Mr. Chief Justice Allen and Mr. Justice Whitford concur.