FIDELITY & DEPOSIT COMPANY, DEFENDANT IN ERROR, v. MRS. WILLIAM C. MULLINS, PLAINTIFF IN ERROR.—67 S. W. (2d) 541.

Kansas City Court of Appeals.  January 29, 1934.

*David R. Derge, Richard P. Brous* and *Winger, Reeder, Barker & Hazard* for defendant in error.

*Harry A. Hall* for plaintiff in error.

BLAND, J.—This is a suit on an appeal bond. The cause was tried before the court without the aid of a jury, resulting in a judgment in favor of plaintiff in the sum of $346.06. The defendant, Mrs. Wm. C. Mullins, has brought the case here by writ of error.

In mentioning herein the "plaintiff" and the "defendant" we refer to the parties as they were designated in the court below and not in the sense of plaintiff in error and defendant in error.

The case was tried upon an agreed statement of facts which shows that one Alexander Gray brought a suit before a justice of the peace in Kaw Township, Jackson County, against the W. C. Mullins Construction Company and Jennie E. Thompson. Gray obtained a judgment against said parties and the W. C. Mullins Construction Company appealed the case to the circuit court. There is a dispute as to whether Jennie E. Thompson appealed. If she did the judgment in the circuit court did not dispose of all of the parties as

none was there rendered either for or against her. For the purposes of this case we may assume that she did not appeal, as contended by the plaintiff.

The facts show that the W. C. Mullins Construction Company executed an appeal bond with the plaintiff as surety. When the cause came up in the circuit court, it was tried before a jury, resulting in a verdict in favor of plaintiff in the sum of $288.88 and, under the provisions of Section 2362, Revised Statutes 1929, the court rendered judgment in that amount against the W. C. Mullins Construction Company and the plaintiff herein as surety on its bond. Thereafter, an appeal was taken from the judgment to this court and the W. C. Mullins Construction Company gave an appeal bond upon which Mrs. Wm. C. Mullins, defendant herein, was one of the sureties. The appeal was afterwards dismissed and plaintiff, after paying the amount of the judgment, brought this suit against Mrs. Wm. C. Mullins as surety on the appeal bond given in the circuit court. We, therefore, have the question presented as to the rights, as between themselves, of successive sets of sureties on different bonds given in a judicial proceeding.

There is a dispute between the parties as to whether the plaintiff herein, against whom judgment in the circuit court was rendered along with the W. C. Mullins Construction Company, appealed to this court in the other suit. However, the agreed statement of facts recites that the appeal was taken "by the defendants therein." The disposition of the present case, as we see it, depends upon whether the plaintiff herein joined in appealing to this court in the former case. There is no dispute as to the law applicable to the situation. It was properly enunciated in the case of Hartwell v. Smith, 15 Ohio State, 200, 204, 205, as follows:

"In regard to this question of superiority of equities, which is liable to arise in the case of prior and subsequent bonds, executed by different sureties, for distinct purposes, and both constituting securities in the hands of the creditor for the same debt, it is well settled that if the interposition of the second surety, is for the benefit of the principal, alone, without the sanction or assent of the first surety, who may be prejudiced thereby; as when the effect of the second bond is to prevent the enforcement of present payment from the principal, and thus to prolong the responsibility of the first surety; in such a case the equity of the first surety is superior, and he is entitled to be subrogated to the rights of the creditor as against the second. . . .

"But the rule is otherwise, where the surety in the second bond becomes bound for a purpose in which both the principal and the prior surety concur, in which they both have an interest, and where the assent of the prior surety is expressly given, or is clearly to be

inferred from the circumstances of the case. In such a case the last surety has a right to look for his indemnity, not only to his principal, but to such fixed securities as has been given to the creditor, when his engagement was entered into, and on the faith of which he may be presumed to have incurred his obligation.''

See, also, Fid. & Dep. Co. of Md. v. Bowen, 123 Ia. 356; Southwestern S. Co. v. King, 68 Okla. 100; Bosworth v. Garwood (Colo.), 246 Pac. 555; Hinckley v. Kreitz, 58 N. Y. 583; Gary Realty Co. v. Swinney, 17 S. W. (2d) 505, 509; Reynolds v. Title Guar. Tr. Co., 189 S. W. 32; Stearns on Law of Suretyship, p. 374; 4 C. J., p. 1289; 50 C. J., p. 315).

It is insisted by the plaintiff that although the agreed statement of facts recites that ''defendants'' in the other case appealed to this court and that, although there was but one defendant (unless this plaintiff was then a defendant) in the case at that time, to-wit: the W. C. Mullins Construction Company, the plural word ''defendants'' cannot be applied to it, for the reason that the judgment of the justice was not rendered against plaintiff herein, and on the appeal to the circuit court the plaintiff herein stood only in the position of surety on the bond to that company and was not a defendant.

There is no question but that plaintiff, as surety on the bond of the construction company, had a right to contest the cause in the circuit court as an adversary to the plaintiff therein. Of course, the use of the word ''defendants'' in the agreed statement of facts refers to those who were defendants after the judgment was rendered in the circuit court, and it would be difficult to imagine what that word means unless it includes the surety on the construction company's bond in the appeal from the justice court, against which judgment had been rendered, for at that time the only other adversary party to the plaintiff was the W. C. Mullins Construction Company. We think there is no question but that the word ''defendants'' appearing in the agreed statement of facts does include said surety, the plaintiff herein and, if it does, there is no contention but that plaintiff is not entitled to recover herein.

While the agreed statement of facts does not disclose that plaintiff herein agreed to the giving of the *supersedeas* bond by the W. C. Mullins Construction Company, at the time the other case was appealed to this court, it does show, as we have already stated, that the plaintiff herein did appeal from that judgment and there could have been no other purpose of the appeal by it than to prevent, if possible, the plaintiff in that case from ultimately realizing upon the judgment therein, although it gave no appeal bond. [Ark. Valley Tr. Co. v. Corbin, 192 Mo. App. 153, 158.] In that case it was held that where no appeal bond is given the successful party

in the appellate court may recover back the money he has been compelled to pay.

"So though an appellant who dismisses his appeal (or his sureties) is compelled to pay the judgment, and though such judgment is afterwards reversed on a writ of error, he is in no worse situation than he who appeals, or who sues out a writ of error, without bond. (1. c. 158).

Therefore, it is quite apparent that prima facie, at least, plaintiff was willing that its ultimate responsibility as surety on the appeal bond given in the justice court should be prolonged pending the outcome of the appeal of the cause to this court. Having, in effect, assented to the delay by joining with the construction company in appealing to this court, it cannot recover in this case. In fact there is no contention to the contrary, plaintiff contending no further in this respect than that the word "defendants" as used in the stipulation, does not refer to it.

The judgment is reversed. All concur.