Collier, J.
The question presented is whether Section 727.09, Revised Code, is applicable to the proceedings of council in the enactment of the resolution of necessity for the construction of the sewer. If not, that ends the controversy. But, *341 if so, the next question is, does the record show compliance with that statute in the enactment of the resolution?
Section 727.09, Bevised Code (Becodification Act of 1953'), provided:
“When it is deemed necessary by a municipal corporation to make a public improvement to be paid for in whole or in part by special assessments, the legislative authority thereof shall declare the necessity for such improvement by resolution, three fourths of the members elected thereto concurring. No such improvement shall be made without the concurrence of three fourths of the members elected to the legislative authority * * *.” (Emphasis added.)
Chapter 727, Bevised Code, is entitled “Assessments — Generally,” and Section 727.01, Bevised Code, provides for special assessments as follows: '
‘ ‘ The legislative authority of a municipal corporation may assess upon * * * specially benefited lots or lands in the municipal corporation, any part of the cost connected with the improvement of any * * * sewers * *
The defendants contend that Section 727.09 was not applicable to the adoption of the resolution of necessity for the sewer construction; that the council acted under the authority of Section 729.31, Bevised Code (125 Ohio Laws, 224, 225), which provided that, “in addition to the power conferred by Section 727.01 of the Bevised Code to construct sewers and levy assessments therefor, the legislative authority of a municipal corporation may provide a system of sewerage for the mu-v nicipal corporation.” Section 729.38, Bevised Code (Becodification Act of 1953), provided: “When it is deemed necessary by a city to construct any sewers provided for in a plan devised under Section 729.31, Bevised Code, the legislative authority thereof shall declare such necessity by resolution.” This section further provided what the resolution shall contain, but included no provision as to the number of members of council concurring to adopt such resolution.
The defendants claim that Sections 729.31 and 729.38 are special statutes and supercede Section 727.09, which is a general statute; and that, under those special statutes, the enactment of resolution of necessiy No. 1957-30 required only the affirmative vote of the majority of the members of council.
*342 In the case of City of Cincinnati v. Connor, 55 Ohio St., 82, a similar situation was presented, to wit, the interpretation of a general and a special provision in separate statutes providing for the levy and collection of assessments for the payment of the construction of sewers. In that case, it was held:
“Where, in a code or system of laws relating to a particular subject, a general policy is plainly declared, special provisions should, when possible,' be given a construction which will bring them in harmony with that policy.”
The wording of the above syllabus, repeated in the opinion at page 89, is followed by this language: “And it is only when, after applying these rules in the endeavor to harmonize the general and particular provisions of a statute, the repugnancy of the latter to the former is clearly manifest, that the intention of the Legislature as declared in the general language of the statute is superseded.”
The language used in Section 727.09, Revised Code, requiring a concurrence of three-fourths of the elected members of council when the public improvement is to be paid for by special assessment, is clear and unambiguous. Section 729.38, Revised Code, is silent as to the number of affirmative votes required to adopt a resolution of necessity for such improvement. The general policy in this respect having been declared by Section 727.09, Revised Code, it is not to be presumed there was an intention to change or abandon it in the subsequent provision of Section 729.38, Revised Code. If such change had been intended, it could and doubtless would have been expressed in plain and concise terms. City of Cincinnati v. Connor, supra. Our conclusion is that the general policy declared in Section 727.09, Revised Code, controls and was applicable to-the enactment of resolution No. 1957-30 bj the- city of Willoughby on March 25, 1957, and that a concurrence of three-fourths of the elected members of the council was necessary for the legal enactment of the resolution of necessity.
The defendants advance the argument that the failure of Iannadrea, president of council and acting mayor, at the meeting of March 25, 1957, to vote either yea or nay when the resolution of necessity was acted upon, was an expression of his acquiescence and concurrence in the declaration of necessity ; that by signing the resolution as acting mayor Councilman *343 Iannadrea approved the resolution; and that his failure to vote should be considered as a vote favorable to the resolution with the majority, thereby showing a record of six “yea” votes and no “nay” votes, which are more than three-fourths of the elected members of council as required by Section 727.09, Revised Code. In signing the resolution as “acting mayor,” after the other five councilmen had voted upon it, Iannadrea was simply performing a ministerial act. This, in no manner, indicates an affirmative vote for the proposition.
The principle is recognized in a few cases that when all members of a municipal council are present and engaged in taking action with-respect to a particular matter, the legal effect of a refusal of a portion of the members to vote when their names are called is an acquiescence in the choice of those who do vote. In State, ex rel. Shinnich, v. Green, 37 Ohio St., 227, the action being taken was the organization of a council as provided by statute, where nine members of an eighteen-member council refused to vote upon roll call because they objected to the mode of voting. It was held by this court that the members, by refusing to vote, could not divest the council of the pow;er to elect officers. The case of Babyak v. Alten, Bldg. Inspr., 106 Ohio App., 191, involved an amendment to a zoning code. In both those cases the councilmen refused to vote, and the law relating to such matters was liberally construed as to the passage of the ordinances.
In the instant case, we are concerned with a mandatory legislative proceeding which must strictly conform to law. In the case of Curry et al., Bd. of Commrs., v. Lybarger, Recorder, 133 Ohio St., 55, it was held:
“The authority to levy special assessments for local improvements is conferred only by statute and the validity of such assessments is conditioned upon compliance with the requirements of these statutes.”
In the opinion, at page 59, Matthias, J., said: “It is fundamental that all statutes imposing taxes and public burdens of that nature are to be strictly construed and any doubt as to construction or effect must be resolved in favor of those on whom the burden is sought to be imposed.” See 51 Ohio Jurisprudence (2d), 53, Section 32.
The theory that inaction by members of a city council should *344 be considered as an acquiescence and approval of the action taken by the majority of the members voting is not applicable in a proceeding to levy and collect special assessments for a public improvement. Section 727.09, Revised Code, authorizes the levy and collection of a special assessment to defray the cost of constructing a sewer only when three-fourths of the elected members of council concur in such action. We construe the term, “concur,” as used in the statute, to mean an affirmative vote for the proposition. To concur means more than a mere acquiescence or silent submission,* it implies consent induced in some overt way. Dillon v. Scofield, 11 Neb., 419, 423; and Blakemore v. Brown, 142 Ark., 293.
The record of the meeting of the council of the city of Willoughby on March 25,1957, when resolution No. 1957-30 was enacted shows that only five members of the seven-member council voted for the adoption of the resolution of necessity, which vote, as a matter of simple arithmetic, was not three-fourths of all the elected members, and for that reason the resolution was not legally enacted. Since the right to enforce ordinance No. 1959-57, enacted on July 13, 1959, to levy and collect special assessments upon the lands of the plaintiffs to recompense the city for the cost of the sewer construction authorized by resolution No. 1957-30, depends upon the validity of the resolution of necessity, and since we have determined that the resolution lacked sufficient votes to give it validity as a special assessment proceeding, it follows that ordinance No. 1959-57 was invalid and unenforceable. The judgment of the Court of Appeals is reversed, and final judgment is rendered for the plaintiffs.

Judgment reversed.

Weygandt, C. J., Zimmerman, Taft, Matthias, Bell and O’Neill, JJ., concur.
Collier, J., of the Fourth Appellate District, sitting by designation in the place and stead of Herbert, J.