Robert B. Corris, as Administrator of the Estate of Elizabeth A. Corris, Deceased, Respondent, *v.* George T. White, Doing Business as Tim-Cris Realty, Defendant-Appellant and Third-Party Plaintiff-Appellant. Milton Karz, Third-Party Defendant-Appellant.

Fourth Department, April 4, 1968.

*Harris, Beach, Wilcox, Dale & Linowitz (Kreag Donovan* of counsel), for third-party defendant-appellant.

*George T. White, Jr. (Erwin Witt* of counsel), for third-party plaintiff-appellant.

*Whitbeck & Holloran (John J. Keigher* of counsel), for respondent.

DEL VECCHIO, J. Defendant and third-party defendant appeal from an order which denied their motions to dismiss the second cause of action in the amended complaint made pursuant to CPLR 3211 (subd. [a], par. 7).

Plaintiff is the administrator of the estate of a deceased real estate salesman who did business through a brokerage of the defendant White. This action was originally brought against White to recover a commission allegedly earned by plaintiff's intestate when, having been employed by the third-party defendant Karz, she brought about the acquisition by Karz of certain real estate (identified as the Strasenburgh property) in which he was interested. White then instituted a third-party action against the buyer Karz seeking recovery over in the event that White was held liable to plaintiff. Denial of a motion to dismiss the third-party pleading was affirmed in *Corris* v. *White* (27 A D 2d 988).

Thereafter, plaintiff served an amended complaint setting forth as a second cause of action a claim for conspiracy against both White and Karz. In denying the motion to dismiss this cause of action, Special Term indicated it had some doubt as to

the sufficiency of the pleading but felt constrained, under the liberal rules of pleading, to resolve that doubt in favor of the pleader.

The second cause of action repeats the allegations of the first cause of action, by which plaintiff claims commissions earned and due by reason of the Strasenburgh transaction, and adds allegations that a second commission had been claimed as the result of Karz' acquisition of another piece of property (Vergo), which claim had been settled by negotiation with Karz by White, acting as the attorney on behalf of plaintiff's intestate. It is further alleged that, in the course of these negotiations, White and Karz conspired together and entered into an agreement which was calculated to deprive plaintiff's intestate of the commissions earned and due on the Strasenburgh sale; that in furtherance of such conspiracy it was agreed that White would co-operate with Karz in defending any action which might be brought against Karz to recover the Strasenburgh commissions and would give testimony on behalf of Karz in any such litigation; that White agreed with Karz that he would bring no action as broker against Karz for commissions earned as a result of the latter's purchase of the Strasenburgh property. Finally, it is alleged that the foregoing conspiracy and agreement was entered into with full knowledge of plaintiff's intestate's claim for commissions due and was intended to deprive her of the commissions to which she was entitled by reason of the Strasenburgh sale. The complaint seeks judgment against defendant White in the amount of the commissions alleged to have been earned or, in the alternative, against the defendant and the third-party defendant jointly and severally in the same amount.

Bearing in mind the exhortation to liberal construction contained in CPLR 3026, we are nevertheless satisfied that the second cause of action pleaded, which attempts to set forth a claim for conspiracy, is legally insufficient. Liberality "will not be used as a substitute for substance". (*Carnival Co.* v. *Metro-Goldwyn-Mayer*, 23 A D 2d 75, 77.) The pleading is fatally defective in two respects: *viz.*, it alleges no overt act in furtherance of the claimed conspiracy and it lacks any allegation of damages sustained by plaintiff by reason of the conspiracy.

"The allegation of a civil conspiracy, without more, does not in and of itself give rise to a cause of action. The actionable wrong lies in the commission of a tortious act, or a legal one by wrongful means, but never upon the agreement to commit the prohibited act standing alone." (*Cuker Ind.* v. *Crow Constr. Co.*, 6 A D 2d 415, 417.) An overt act must be pleaded. (8 N. Y. Jur., Conspiracy, § 5.) "The gravamen of a conspiracy is

fraud and damage and not the conspiracy. The allegation and proof of a conspiracy are only important to connect a defendant with the acts and declarations of his coconspirators, where otherwise he could not have been implicated. [Cases cited.] A conspiracy to commit an actionable wrong is not in itself a cause of action." (*Glaser* v. *Kaplan*, 5 A D 2d 829, 830.) "For the purpose of imposing civil liability, the law takes no cognizance of a conspiracy confined to a state of mind or to an inoperative understanding". (8 N. Y. Jur., Conspiracy, § 4.)

Construing the pleading in the light of these principles, we conclude that the second cause of action must be dismissed. It alleges nothing beyond an agreement between White and Karz to do certain acts at some future date — namely, when an action had been commenced against Karz for recovery of commissions on the Strasenburgh sale, at which time White and Karz would co-operate in the defense of that action. The complaint does not allege that any such action has in fact been commenced or that the defendant and third-party defendant have taken any specific step toward the furtherance of their conspiracy. All that is alleged is an agreement — nothing more, and agreement alone is not an actionable wrong.

The pleading is also fatally defective in failing to allege damages sustained by plaintiff as a result of the conspiracy. Like an overt act, damages are an essential element of pleading in an action for conspiracy. (*Herman* v. *Gutman*, 244 App. Div. 694.) "The gist of such a case is damage, not the mere conspiring." (*Simon* v. *Noma Elec. Corp.*, 293 N. Y. 171, 177.) Until such time as an action for commissions has been commenced against Karz and the action has been unsuccessful, plaintiff has not sustained any damage as a result of the alleged wrongful agreement between White and Karz.

It might also be observed that plaintiff could not in any event establish damage resulting from the co-operation of White and Karz in the defense of an action for commissions against Karz. By reason of section 442-a of the Real Property Law a real estate salesman is precluded from receiving or demanding compensation from any person other than his broker for services performed in connection with a real estate sale. (*Julien J. Studley, Inc.* v. *Geisinger*, 12 Misc 2d 527, affd. 7 A D 2d 844.) Since plaintiff has no cause of action against the third-party defendant for commissions, he can sustain no damage as the result of any conduct of White and Karz with respect to such action. As was said in a similar situation in *Simon* v. *Noma Elec. Corp.* (*supra,* p. 177): "Obviously, since we are holding that plaintiff has no case against Air Conditioners Sales Corpor-

ation, he has lost nothing by any effort to thwart him in collecting from that corporation.''

Finally, plaintiff may sustain no damage by reason of the alleged representation by the broker White that he would refrain from prosecuting any action against the buyer Karz for commissions earned on the Strasenburgh sale. Plaintiff's right to commissions, if any, is against the broker (Real Property Law, § 442-a) and this right is not affected by the broker's litigation, or lack of litigation, against the buyer. (See *Killion* v. *Wolff*, 51 Misc 2d 47, affd. 53 Misc 2d 1022.)

The cases of *Keviczky* v. *Lorber* (290 N. Y. 297) and *Hornstein* v. *Podwitz* (254 N. Y. 443) relied upon by plaintiff, are clearly distinguishable. In those cases the complaints alleged a conspiracy to prevent the real estate broker from earning or collecting a commission and set forth specific overt acts in furtherance of the plan. Unlike the present case, those actions were not predicated upon an alleged wrongful agreement to enter into conduct to injure the plaintiff at some future time, but were based upon completed wrongful acts which had preceded the commencement of the action. Furthermore, in those cases the plaintiff was a real estate broker, not a mere salesman who has no claim against the buyer or the seller.

Since the allegations of the second cause of action are legally insufficient to permit a recovery by plaintiff, the motions to dismiss should have been granted.

BASTOW, J. P., GOLDMAN, MARSH and HENRY, JJ., concur.

Order unanimously reversed, with costs, motions granted and second cause of action dismissed, with costs.