Oscar Murov, J.
The plaintiff, a licensed real estate saleswoman, makes claim against her former employer, the defendant, a licensed real estate broker, for her share of commissions based upon an oral agreement to share equally any commissions earned by the defendant through the efforts of the plaintiff. *638 The alleged commissions arise out of efforts of the plaintiff in the sale of four homes by Phoenix Homes, Inc., a corporation engaged in the construction and sale of residences in Suffolk County. Defendant claims that he instructed the plaintiff to obtain a written brokerage agreement from Phoenix Homes, Inc., and that she never complied with his instructions; that he never received any commissions from Phoenix Homes, Inc., for the alleged real estate broker’s commissions with respect to the sale of four homes although he had rendered a statement to Phoenix Homes, Inc., and had orally requested payment. Defendant made no legal effort to collect the commissions because he testified that he had no legitimate claim for commissions and that if he commenced a suit to enforce such payment he would be faced with disciplinary action on the part of the State licensing department for making an unjustified and improper claim.
In effect it is defendant’s contention that plaintiff has no cause of action, firstly because plaintiff never received a written retainer from Phoenix and could not establish a contract and secondly he never received the alleged commissions from Phoenix.
It is elementary that a broker’s retainer may be oral and need not be evidenced by a writing. Establishment of the hiring of a broker orally might be more difficult than one demonstrated by a written retainer but would nevertheless be legal and binding on the prospective parties if proved.
The testimony revealed that the parties had previously shared under an oral agreement with respect to a commission earned by the plaintiff in the sale of a home by Phoenix Homes, Inc., to one of their recommended clients.
The test in the subject action is not whether the defendant as broker received his commission, but whether or not he earned it, and there was affirmative evidence introduced that is credible and acceptable that this plaintiff only introduced the prospective purchasers in question to the builder (Phoenix) and that they had in effect arrived at a price and the sales of the four homes were consummated.
Section 442-a of the Real Property Law provides: “ No real estate salesman in any place in which this article is applicable shall receive or demand compensation of any kind from any person, other than a duly licensed real estate broker regularly employing the salesman, for any service rendered or work done by such salesman in the appraising, buying, selling, exchanging, leasing, renting, or negotiating of a loan upon any real estate.”
*639 Section 442-a therefore precludes a real estate salesman from recovering commissions from anyone, hut a licensed real estate broker, who has employed the salesman.
In Corpus Juris Secundum (vol.12, Brokers, § 81, pp. 176-177) it is stated: “In order that one broker may recover a share of the commission of another broker it is necessary and sufficient that there be a valid, existing, and applicable agreement between them for a division of the commission, that plaintiff shall have performed his part of the agreement, and that the defendant shall have actually received the commission.”
At footnote 40, on page 177, the following is stated under the title of ‘ ‘ Element disregarded ”: “It has been held that where the defendant employed plaintiff as a broker to assist in finding a purchaser for certain land and plaintiff performed his part of the contract, defendant is liable on the contract whether or not he received a commission for the sale of the land, Hoyt v. Buder, 6 SW 2d 947, 818 Mo. 1155.”
In Saizano v. Pellillo (4 A D 2d 789) where the Appellate Division reversed the City Court in denying recovery to the broker and dismissed its complaint, and in effect the appellate court ordered a new trial on the question of the activities of the broker in regard to his relationship with the customer and the seller for further development so that a full record might be developed, in a somewhat similar situation involving a builder in a development as appears to be the case with Phoenix, restated the rule at page 790 as follows: “ If a broker’s communication with the purchaser brings the purchaser and the owner together and the sale results in consequence, brought about by the broker’s action as a procuring cause, the broker may be entitled to his commission although he did not negotiate between the parties, was not present at the sale and the owner did not even know that the customer was found by the broker [citing authorities]. ’ ’
The court continuing, said and observed what we believe to be very pertinent and relevant to the case at bar, as follows: ‘ ‘ When a builder and developer builds houses on its development to the specifications of purchasers, in addition to selling houses already built, it is logical that negotiations between the customer and the developer as to the price and specifications of the house may take place and culminate in a contract, without the presence of the broker who introduced the purchaser to the developer.”
It does seem strange that the defendant would not start a third-party action against Phoenix, in the very action commenced by this plaintiff for commissions; and the position *640 taken by the defendant, of having a dislike for instituting proceedings against the seller for fear of disciplinary activity and action by the State Department against him in the event he were to enforce his rights against the builder, appears to be not only weak and of little credible acceptance, but seems to be a taxation on the credulity of the court. This aspect of the matter as to the refusal on the part of the broker in the very action to invoke these rights, is a consideration and cause of concern to any court as to its credibility in the very nature of the defense so offered.
My learned colleague Judge Alexander W. Kramer of the District Court of Suffolk County in his well reasoned opinion in the case of Killion v. Wolff (51 Misc 2d 47) had a problem to some degree similar to the one at hand. In discussing the right of a salesman to a portion of the commission which he had earned under the agreement to share the commission which his employer, the broker, chose to give up in settlement of his claim for commission, the court observed on page 49: “ However, the elements of good faith and fair dealing come into play. 1 After such an agreement has been entered into, the parties must deal fairly and in good faith with each other.’ ”
The Killion v. Wolff case was cited in a broker’s commission appeal before the Fourth Department, in the case of Corris v. White (29 A D 2d 470, 474) where the court observed: “ Plaintiff’s, right to commissions, if any, is against the broker (Real Property Law, § 442-a) and this right is not affected by the broker’s litigation, or lack of litigation, against the buyer. (See Killion v. Wolff, 51 Misc 2d 47, affd. 53 Misc 2d 1022.) ”
In like manner this plaintiff was entitled to fair dealing and good faith on the part of her employer. Certainly defendant could have displayed his sincerity as to plaintiff’s rights and the obligation of Phoenix by joining Phoenix in the instant action so that the dispute could be adjudicated in fairness and equity to all concerned. This the defendant failed and refused to do. His election is at his peril.
The plaintiff has established to the court that she was the procuring cause of the sales of three homes by Phoenix Homes, Inc., to clients of the defendant’s real estate office. In fact, at the trial, three of four alleged purchasers testified that they called at defendant’s real estate office in search of a home and after speaking to the plaintiff they were referred to Phoenix Homes, Inc., and subsequently purchased a home from Phoenix Homes, Inc. Plaintiff has established by a fair preponderance of the credible evidence that she had an oral agreement to share commissions with defendant and that she was the procuring *641 cause in the sale of three homes by Phoenix Homes, Inc., with whom defendant’s office had an oral agreement with respect to the payment of commissions for the sale of homes, and therefore plaintiff is entitled to judgment against defendant for the ■sum of $750, together with costs and disbursements as demanded in her complaint.