527 P.2d 914 (1974)
HORTON-CAVEY REALTY CO., Plaintiff-Appellant,
v.
Robert REESE and Mildred D. Reese, Defendants-Appellees.
No. 73-303.
Colorado Court of Appeals, Div. II.
August 20, 1974.
Rehearing Denied September 24, 1974.
Certiorari Denied November 18, 1974.
*916 West & Weaver, P. C., John W. Weaver, Denver, for plaintiff-appellant.
Brenman, Sobol & Baum, Martin Zerobnick, Nathan L. Baum, Denver, for defendants-appellees.
Selected for Official Publication.
RULAND, Judge.
Plaintiff appeals from a judgment dismissing its amended complaint to recover a real estate commission. We affirm.
Plaintiff is a licensed real estate sales corporation doing business in the Denver area. On September 30, 1970, defendants (sellers) entered into an exclusive right-to-sell listing agreement with plaintiff covering approximately 80 acres of property located in Douglas County. The listing agreement provided a sales price of $63,200, payable $10,000 at closing and sellers agreed to carry the balance amortized over 15 years at seven percent per annum.
Pursuant to the listing agreement, various offers were presented to sellers by plaintiff, all of which were ultimately rejected. Plaintiff thereafter filed the present action to recover a commission. Sellers answered alleging, inter alia, that the various offers either failed to comply with the terms of the listing or were invalid on other grounds. Following presentation of plaintiff's evidence, the trial court entered judgment dismissing plaintiff's complaint.
In this appeal, plaintiff asserts that it is entitled to a commission based upon any one of the offers tendered to sellers. Each of the offers will be discussed separately.

BERGER OFFER
On October 2, 1970, plaintiff's agent presented to sellers a written offer by Richard Berger which differed in several significant respects from the terms of the listing. Thereafter the parties exchanged offers and counter-offers. It is disputed whether the parties finally reached mutual agreement on a contract of sale.
On the basis of the evidence presented, the trial court found, inter alia, that plaintiff's evidence failed to establish that Berger was ready, able, and willing to complete any purchase. Plaintiff argues that this finding is erroneous as a matter of law because, absent evidence to the contrary, it must be presumed at the close of plaintiff's evidence that Berger was ready, able, and willing to purchase.
There is no presumption that a purchaser is ready, able, and willing to purchase. Colburn v. Seymour, 32 Colo. 430, 76 P. 1058. Plaintiff had the burden to establish by clear and convincing evidence[1] not only its authority to act as the sales agent, but also that plaintiff had produced a purchaser who was ready, able, and willing to purchase on the terms proposed by sellers. C.R.S.1963, 117-2-1; Fistell v. Thomas, 144 Colo. 94, 355 P.2d 105; Sellers v. Rittgers, 70 Colo. 579, 203 P. 672. In a trial to the court, the test to be applied in granting or denying sellers' motion for judgment at the conclusion of plaintiff's case is not whether the plaintiff has presented a prima facie case but whether a judgment in favor of sellers was justified by the evidence adduced during plaintiff's case. Niernberg v. Gavin, 123 Colo. 1, 224 P.2d 215; see Teodonno v. Bachman, 158 Colo. 1, 404 P.2d 284.
Plaintiff offered no evidence to show that Berger was ready, able, and willing to purchase except hearsay evidence (which was stricken upon objection), and Berger was not called to testify. Also, a review of the record disclosed no admission by sellers to that effect. Finally, neither party made any attempt to require the other to perform the terms of any contract following their negotiations. Under these circumstances, the record fully supports the trial court's ruling that plaintiff failed to sustain its burden of proving that Berger was ready, able, and willing to purchase.

*917 BAKKE OFFER
After sellers refused to take further action relative to the Berger offer, plaintiff's agent obtained a written offer from Evelyn Bakke. This offer complied with the express terms of the listing; however, it contained a provision not contained in the listing which authorized Bakke to prepay any amount on the purchase price at the end of ten years. Sellers rejected this offer. Specific objections by sellers were expressed in a letter from sellers' counsel to plaintiff, and the letter stated the terms upon which sellers were willing to proceed with the sale. Insofar as material here, sellers insisted that no prepayment privileges would be allowed without their prior written consent. Bakke was not agreeable to this proposal.
On the basis of this evidence, the trial court determined that the Bakke offer was not in compliance with the listing nor with any counter-offer made by sellers. Plaintiff asserts here that the trial court should have required sellers to support their defense that the offer did not meet the terms of the listing. This contention is without merit.
Plaintiff was obligated to prove that Bakke's offer met the terms of the listing, Fistell v. Thomas, supra, or that the parties reached complete agreement on sellers' counter-offer. Walker v. Chatfield, 126 Colo. 600, 252 P.2d 109. The evidence presented by plaintiff supports the trial court's findings on these issues, and thus those findings may not be disturbed on this appeal. Linley v. Hanson, 173 Colo. 239, 477 P.2d 453.

HARMON OFFER
Following the Bakke offer, plaintiff's agent submitted an offer by William and Margaret Harmon. This offer was consistent with the terms of the listing, except that the Harmons retained the right to prepay up to 20 percent of the principal balance in any calendar year and the right to prepay additional amounts subject to an interest penalty. This offer was likewise rejected by sellers; however, no specific reasons were given for the rejection.
The trial court concluded that since the Harmon offer did not comply with the listing, it could not serve as the basis for plaintiff's claim for a commission. Plaintiff contends that the trial court's ruling is erroneous because of the sellers' failure to state specific grounds on which the offer was rejected.
We agree that a seller may not defeat a broker's right to a commission by rejecting an offer solicited by his broker, without explanation, when the variations between the listing and the offer are of a minor nature. The basis for this rule is that the broker should be given an opportunity to rectify minor variations in order to earn his commission and the premise is that the broker may well be able to obtain concessions on minor problems from the prospective buyer. See H. Fusilier, Law of Real Estate Practice ¶4.3; Annot., 156 A.L.R. 602. However, where, as here, the variation between the offer and the listing is substantial, a seller is at liberty to reject the offer without explanation, and the broker may not use the failure to state specific objections as grounds for claiming a commission. See Kleven v. Cities Service Oil Co., 22 Wis.2d 437, 126 N.W.2d 64. Since the right of prepayment may result in a significant economic disadvantage to the seller, the addition of prepayment privileges to an offer which are not specified in the listing constitutes a substantial variation from the listing.

HORTON OFFER
Just prior to expiration of the listing, plaintiff's agent prepared a written offer from William Horton which complied with the terms of the listing. At the time the offer was submitted, Horton was an officer and employee of plaintiff as well as a substantial stockholder in the company. It is not clear whether the offer was received prior to expiration of the listing, but in any event sellers refused to accept the offer. On the basis of this evidence, the trial court specifically found that sellers had not consented to any purchase by their agent.
*918 Where, as here, an employee of a realty firm makes an offer to purchase property which is the subject of that firm's listing with the seller, the realty firm must establish the following facts in order to recover any commission:
(1) That a full disclosure was made to the seller regarding the employment relationship; and
(2) that, following this disclosure, the seller consented to sell to the employee. See Hall v. Gehrke, 117 Colo. 223, 185 P. 2d 1016; H. Fusilier, supra, ¶5.4.
Plaintiff in effect concedes that the foregoing is a correct statement of the law but contends that the burden is upon sellers here to establish that they did not consent to sell to their agent. By virtue of the fact that Horton's offer was not accepted, the trial court could properly infer that sellers were unwilling to consent to an offer from their agent, and it was unnecessary for the trial court to require evidence from sellers on this issue.
Judgment affirmed.
SILVERSTEIN, C. J., and ENOCH, J., concur.
NOTES
[1] Plaintiff's claim for a commission accrued prior to the effective date of 1971 Perm. Supp., C.R.S.1963, 52-1-28; the burden of proof for claims accruing after July 1, 1971, is by a preponderance of the evidence.