OPINION OF THE COURT
Frank Composto, J.
Defendants Zemlock, Levy and Bick, and Charles Bick (ZLB Bick) and Livia Goldberg, Theopolis E. Gardner and Rose Shapiro (GGS) respectively, move to dismiss the amended complaint (complaint) for failure to state a cause of action, for its jurisdictional deficiencies in failing "to join as 'real parties and [sic] interest’ the City of New York and the United States Federal Government” and in the alternative, that plaintiff be directed to serve an amended complaint to cure the foregoing *105 defects and to make "more definite and certain statements in its amended complaint”.
This is an action for recoupment of overpayments allegedly made to the defendant Oxford Nursing Home (Oxford) and for treble damages. The defendants ZLB Bick are sued as the, certified public accountants who allegedly certified the incorrect reports and the defendants GGS are sued for allegedly causing incorrect data to be entered in reports furnished to plaintiff with knowledge that plaintiff would rely thereon to make payment to Oxford.
Initially, the court declares to be without merit the contention of defendants ZLB Bick that the amended complaint is jurisdictionally defective because of plaintiff’s failure "to join as 'real parties and [sic] interest’ the City of New York and the United States Federal Government” (see this court’s opinion striking out similar objections raised in State of New York v Belt Parkway Nursing Home, 95 Misc 2d 264).
The motions of the respective parties will be considered separately insofar as the allegations of the complaint relate to the specific defendants.
DEFENDANTS ZLB BICK
Plaintiff alleges, in substance, that defendant as certified public accountants for Oxford "swore to, in certifying Oxford’s HE-2P Reports, to examine the information in various pages of the HE-2P dealing with the various allegations set forth in this complaint * * * in order to render its certified opinion regarding the * * * HE-2P.” ZLB Bick allegedly failed to do this, "thus both contributing to and causing the misrepresentations contained in the HE-2P Reports”. It is then alleged that ZLB Bick knew that the HE-2P Reports "were false and fraudulent in the specific areas afore-mentioned and * * * were made by Defendants * * * with the intention of deceiving and defrauding the State of New York”. Basically, these defendants are charged with having certified to plaintiff that various claimed expenditures set forth in the HE-2P Reports were correct and proper for reimbursement by plaintiff to Oxford, despite the fact these defendants either failed to verify the accuracy of the expenditures or had knowledge that the various items were incorrect. It was ZLB Bick’s certification that is alleged to have induced plaintiff to rely thereon in making the payments to Oxford, as called for by the HE-2P Reports.
*106 Rules and principles of law are not static in our society. They are not honored nor is obeisance made to them merely, by reason of their age. Privity of contract is no longer a magic talisman barring claims by third persons. Mr. Justice Cardozo did not hesitate in Glanzer v Shepard (233 NY 236, 239, 242) to establish the concept of a duty owed to third persons who may be anticipated to rely to their injury or damage on their contractual performance between parties inter se. "We do not need to state the duty in terms of contract or of privity.” (233 NY at p 239.) Thus, the public weigher, though engaged and paid by the seller, was held responsible to a buyer to whom it issued a certificate of an incorrect weight. In pregnant language that bore expansion in Ultramares Corp. v Touche (255 NY 170), and more recently in White v Guarente (43 NY2d 356), Mr Justice Cardozo stated, "The defendants * * * in the pursuit of an independent calling, weighed and certified at the order of one with a very end and aim of shaping the conduct of another”. (233 NY at p 242.)
Embracing this concept, the court in White v Guarente (supra, p 358) sustained a complaint in favor of "an identifiable group” against an accounting firm retained by a limited partnership "to perform auditing and tax return services * * * for negligence in the execution of those professional services”. The court stated (pp 361-362): "In such circumstances, assumption of the task of auditing and preparing the returns was the assumption of a duty to audit and prepare carefully for the benefit of those in the fixed, definable and contemplated group whose conduct was to be governed, since, given the contract and the relation, the duty is imposed by law and it is not necessary to state the duty in terms of contract, or privity”. (Emphasis added.)
In the instant case ZLB Bick audited the books and records of defendant Oxford and specifically certified the HE-2P Reports for submission to plaintiff with full knowledge that plaintiff’s "conduct was to be governed” by defendant’s certification.
Observing the admonition stated in Dulberg v Mock (1 NY2d 54, 56) that the "inquiry [should be] whether [the complaint] states in some recognizable form any cause of action known to our law”, this court finds that the amended complaint states a cause of action against defendants ZLB Bick. Defendant’s contention that plaintiff’s prior complaint *107 was dismissed and that, since this complaint is substantially similar, it too should be dismissed, is without merit. An amended complaint supersedes "the original complaint and [becomes] the only complaint in the case * * * Accordingly, the action herein must proceed as though the original pleading had never been served” (Halmar Distrs. v Approved Mfg. Corp., 49 AD2d 841).
DEFENDANTS GGS
Plaintiff refers to these defendants as the employee-assistant administrators of Oxford and charges them with neglect of their duties as employees in that the misrepresentations set forth in the HE-2P Reports were either "with the express affirmative assistance of said defendants * * * or by their failure * * * to affirmatively act reasonably and responsibly with regard to the above stated false filings”. In substance, these defendants are sought to be held liable to plaintiff for neglect in the performance of their duties to their employer by overlooking or intentionally permitting other employees or vendors to cheat their employer. How that translates into a duty to plaintiff is not alleged or shown.
None of these defendants are charged with being participants in a conspiracy to defraud plaintiff or that their acts of omission or commission were in furtherance of such conspiracy or that they knowingly made false entries in the HE-2P Reports or knowingly furnished incorrect information for insertion in the reports with the intent that plaintifffs "conduct was to be governed” thereby. No duty of defendants to plaintiff is alleged or defined in the complaint. Thus, the complaint "fail[ed] to give notice [to defendants] of 'the material elements of each cause of action’ ” (Shapolsky v Shapolsky, 22 AD2d 91, 92). Plaintiff may not excuse such failure on "the exhortation to liberal construction contained in CPLR 3026 * * * Liberality 'will not be used as a substitute for substance’ ” (Corris v White, 29 AD2d 470, 472).
Accordingly, the motion of defendants ZLB Bick to dismiss the complaint is denied and the motion of defendants GGS to dismiss the complaint is granted. Plaintiff, if it be so advised, may, upon proper application to the court, move for leave to further amend its complaint as to defendants GGS.