591 P.2d 596 (1979)
Bonnie Jean BECKER, a/k/a Bonnie Jean Triplett, Plaintiff-Appellant,
v.
Samuel P. ARNOLD and Tall Country Real Estate Company, a Colorado Corporation, Defendants-Appellees.
No. 78-016.
Colorado Court of Appeals, Div. III.
February 8, 1979.
*597 McGrath & Callan, P. C., William A. McGrath, Breckenridge, for plaintiff-appellant.
Mason, Reuler & Peek, H. F. Riebesell, Jr., Denver, for defendant-appellee Samuel P. Arnold.
Larry D. Washburn, Lakewood, for defendant-appellee Tall Country Real Estate Co.
SMITH, Judge.
In an action to recover a real estate salesman's commission, plaintiff, Bonnie Jean Becker, appeals the dismissal of her complaint, and dismissal of her broker's cross-claim. We affirm both judgments.
The following facts are essentially undisputed. Plaintiff was a licensed real estate salesperson and employee of defendant Tall Country Real Estate Company, a licensed real estate broker (Broker). Her commission agreement with her broker entitled her to twenty percent of the fee received by her broker when she was listing agent and fifteen percent when she was selling agent.
As listing agent for the broker, plaintiff executed an exclusive agency listing contract with defendant Samuel P. Arnold (Seller) for the sale of certain real property known as "The Fort" restaurant. Insofar as pertinent to this appeal, the contract provided for a broker's fee if the broker found "a purchaser who is ready, willing and able to complete the purchase as proposed by the owner" or in the event of "[a] sale or exchange of the said property within the 120 days subsequent to the expiration of this agreement to any party with whom the said broker negotiated and whose name was disclosed to the owner by the broker during the listing period."
Prior to the expiration of the listing period on May 13, 1973, plaintiff introduced a prospective buyer, one John Krohn, to the seller. A receipt and option contract for purchase and sale of the subject property was thereafter signed. The contract provided that it was expressly conditioned upon Krohn's obtaining financing on terms which were specifically set forth in the contract.
This contract expired by its terms on June 26, 1973, without completion of the sale. Thereafter, during the 120 day extended period of the listing contract, the seller signed an exclusive agency listing contract with a different broker, but specifically excluded any sale to Krohn from its terms. Subsequently, but still within the extended period of the original listing agreement, the seller executed a lease agreement, leasing the subject property to Krohn and his wife. The lease did not contain any option to purchase. A subsequent extension of the lease was executed considerably after the extended period of the original listing had expired in August of 1973.
Plaintiff initiated this action in October 1974. In her amended complaint she alleged that both the seller and the broker were liable to her to the extent of her salesman's commission based on the seller's alleged breach of his listing contract with the broker and the broker's breach of its contract with her for a salesman's commission. Plaintiff also asserted claims for relief *598 against both defendants based on an implied contract for services in connection with the lease agreement ultimately entered into between the seller and Krohn.
The broker filed a cross-claim against the seller. It relied, essentially, on the allegations of plaintiff's claim and sought recovery of a brokerage fee under the listing contract, and asserted its right to any judgment recovered by plaintiff on plaintiff's claim founded in quantum meruit.
The seller filed a motion for summary judgment asserting, inter alia, that plaintiff, as a real estate salesperson, without a license as a real estate broker, could not maintain an action to recover a commission from the seller. The motion for summary judgment was denied, and the seller renewed his argument as grounds for dismissal at trial.
Trial was to the court, which made extensive findings of fact and concluded that there was no basis for recovery by the broker of a fee under the terms of the listing contract nor of any compensation on a theory of implied contract and dismissed the cross-claim. With respect to plaintiff's complaint seeking direct recovery against the seller, the court concluded that since plaintiff was not a broker she could not maintain these claims and that her only recourse was against the broker. Accordingly, the court dismissed plaintiff's complaint against seller, and, because of its determination that the broker was not entitled to any fee, dismissed plaintiff's complaint against the broker as well. No appeal was taken by the broker from dismissal of its cross-claim.
Plaintiff initially challenges the trial court's ruling that she is statutorily prohibited from maintaining an action against the seller for her commission. That ruling was not erroneous.
Section 12-61-117, C.R.S.1973, provides in pertinent part that:
"It is unlawful for any real estate salesman. . . to accept a commission or valuable consideration for the performance of any of the acts specified in this part (1) from any person except his employer, who must be a licensed real estate broker."
Section 12-61-101(3), C.R.S.1973, defines "real estate salesman" as any person employed by a licensed real estate broker. A licensed real estate salesman, under the statute, may not be employed in that capacity by a buyer or seller of real property but may only be employed by, and receive compensation from, his broker. Thus, a real estate salesman who obtains a listing contract from a seller and acts as the procuring cause in a sale, or a salesman who represents a buyer in the sale of realty functions only as an agent for the broker and acts as the broker's representative in the transaction.
A buyer's or seller's contractual relationship is only with the broker even though the actual person with whom they may deal is the salesman. A salesman's rights derive only from his contract of employment with his broker, and he may demand compensation for his services only from that broker, his employer. See De-Benedictis v. Gerechoff, 134 N.J.Super. 238, 339 A.2d 225 (1975); see also Sheketoff v. Prevedine, 133 Conn. 389, 51 A.2d 922, 171 A.L.R. 1009 (1947). Thus, plaintiff here had no right to maintain any action for commissions due against the seller. See Benham v. Heyde, 122 Colo. 233, 221 P.2d 1078 (1950).
The philosophy we express and our interpretation of this statute is in accordance with cases decided in other jurisdictions which have considered these questions under similar statutes. See Killion v. Wolff, 51 Misc.2d 47, 272 N.Y.S.2d 472 (1966), aff'd, 53 Misc.2d 1022, 280 N.Y.S.2d 65 (1967); and Turnblazer v. Smith, 379 S.W.2d 772 (Tenn.1964).
In asserting his claim against the broker, a real estate salesman's right to a commission, if any, is not affected by whether the broker chooses to proceed against the buyer or seller. Corris v. White, 29 A.D.2d 470, 289 N.Y.S.2d 371 (1968). A salesman is entitled to a commission if he can establish, in an action against the broker, that he had an agreement with *599 the broker for a commission, or other remuneration, and that he was the procuring cause in a real estate transaction which would entitle the broker to a fee. See Jordon v. McMackin, 65 Misc.2d 637, 318 N.Y.S.2d 999 (1970).
However, where, as here, both the broker and the salesman have been a party to a suit which determined the broker's entitlement to a commission, the salesman is an affected party. Because determination of the broker's entitlement is an essential element of the salesman's claim against the broker, the salesman may appeal the adverse determination against the broker.
Accordingly, we address plaintiff's arguments that the court here erred in finding that the broker was not entitled to a commission. Plaintiff argues that the seller impermissibly interfered with the prospective purchaser's opportunity to obtain financing and that the trial court therefore erred in finding that the broker had not procured a financially able purchaser in compliance with the terms of the listing contract.
In the absence of a completed sale, a broker is entitled to a commission only if he has procured a purchaser who is ready, willing, and able to consummate the sale on the terms and conditions prescribed by the seller. Circle T. Corporation v. Crocker, 155 Colo. 263, 393 P.2d 744 (1964). The burden is on the broker to establish that he has procured such a purchaser. Horton-Cavey Realty Co. v. Reese, 34 Colo.App. 323, 527 P.2d 914 (1974).
Here, the record is devoid of any evidence that Krohn was able to obtain financing on the terms specified in the receipt and option contract. Also, there is no evidence that the seller rejected financing obtained on the stated terms, otherwise interfered with Krohn's obtaining such financing, or attempted to control how Krohn secured financing. See Liggett v. Allen, 77 Colo. 116, 234 P. 1072 (1925). The trial court so found as a basis of its conclusion that the broker's right to a commission had not been established.
Where the trial court is the finder of fact, its findings will not be disturbed on review if supported by the evidence. Brewer v. Williams, 147 Colo. 146, 362 P.2d 1033 (1961). There is ample evidence here to support the court's findings on this issue.
Plaintiff also contends that the seller's action in proposing and signing a lease with Krohn during the extended period of the listing contract interfered with any further opportunities for the consummation of the sale. We agree with the trial court that there was no attempt by the seller to circumvent either the broker or his rights under the listing agreement.
It is true that a seller may not circumvent a broker and appropriate his client, change the terms of sale, and sell directly in order to avoid a commission. See Brewer v. Williams, supra. However, the rule is inapplicable here, since the prior receipt and option contract had expired without consummation of a sale and since further negotiations occurred between the seller and purchaser which resulted in a transaction not included within the terms of the listing contract. Cf. Scott v. Huntzinger, 148 Colo. 225, 365 P.2d 692 (1961). The trial court found, on supporting evidence, that no further action with respect to the sale of the subject property was taken by or on behalf of the broker after the expiration of the initial receipt and option contract. The lease was proposed only after the buyer's continued efforts to obtain financing failed. There was no evidence that the seller foreclosed any opportunities for a sale to Krohn on the terms of the contract. The seller wanted a sale and pursued opportunities for a sale through another broker; the lease was subject to any such sale.
Finally, plaintiff asserts error in the denial of her claim based on quantum meruit. Her contention is without merit. To recover a real estate commission on the basis of an implied contract, a broker must establish that he rendered services to the seller and under circumstances such that the seller had reason to think the broker had an expectation of compensation.
*600 Chambers v. Shivers, 31 Colo.App. 16, 497 P.2d 327 (1972).
These prerequisites were not met here. The only services rendered by the broker or plaintiff on behalf of the seller were under the listing contract in introducing a prospective purchaser and negotiating the receipt and option contract. Plaintiff appears to rely on the assertion that, but for the contact which she established between Krohn and the seller, there would have been no lease. The trial court specifically found that plaintiff rendered no services in connection with the lease, nor was there any expectation of compensation on her part in connection with any services relative to any lease. These findings were supported by the evidence and may not be disturbed on review. Brewer v. Williams, supra. Hence, there was no basis for recovery by the broker on a theory of quantum meruit. See Chambers v. Shivers, supra. Cf. Brady v. Hoeppner, 38 Colo.App. 495, 558 P.2d 1009 (1977).
Judgments affirmed.
RULAND and STERNBERG, JJ., concur.