**COOLEY INVESTMENT COMPANY, a Colorado corporation, Plaintiff–Appellee,**

v.

**Elizabeth M. JONES, Defendant–Appellant.**

No. 87CA1764.

Colorado Court of Appeals, Div. V.

May 4, 1989.

Rehearing Denied May 25, 1989.

Certiorari Denied Sept. 11, 1989.

T. Peter Craven, Glenwood Springs, for plaintiff-appellee.

Chrisman, Bynum & Johnson, P.C., Marshall T. Riggs, Boulder, for defendant-appellant.

CRISWELL, Judge.

Defendant, Elizabeth M. Jones, appeals from a judgment awarding a real estate broker's commission to plaintiff, Cooley Investment Co. We reverse.

On August 4, 1982, the parties entered into an exclusive right to sell listing contract whereby defendant agreed to pay plaintiff a commission for its service if (1) it found a purchaser ready, willing, and able to complete the purchase of defendant's property on her terms or (2) there was a sale or exchange of the property within the listing period by the owner, the broker, or any other person. The contract was to be in effect until April 15, 1983, but on September 4, 1982, defendant notified plaintiff that she was withdrawing her property from the market because she had decided to develop it.

Later, within the contract period, defendant transferred the property to a partnership in which she held an interest. Plaintiff then brought suit seeking recovery of the commission called for by the agreement and obtained a judgment for that amount.

Defendant asserts that she is not liable to plaintiff for a commission because (1) defendant did not locate a buyer who was ready, willing, and able to purchase defendant's property, and (2) the transfer of her property to a partnership in which she was a partner did not constitute a sale or exchange within the meaning of the contract between the parties. We agree.

I.

Section 12–61–201, C.R.S. (1985 Repl.Vol. 5) provides:

"No real estate agent or broker is entitled to a commission for finding a purchaser who is ready, willing, and able to complete the purchase of real estate as proposed by the owner until the same is consummated or is defeated by the refusal or neglect of the owner to consummate the same as agreed upon."

Thus, a broker is entitled to receive a commission, as such, only if he produces a purchaser who is ready, willing, and able to acquire the property on the owner's terms. *See Heady v. Tomlinson*, 134 Colo. 33, 299 P.2d 120 (1956). And, the burden is on the broker to establish that he has met the statutory requirements to receive a commission. *Becker v. Arnold*, 42 Colo.App. 178, 591 P.2d 596 (1979).

Although we assume, without deciding, that defendant's cancellation of the listing agreement constituted an anticipatory repudiation or a material breach because it rendered plaintiff's performance impossible, mere proof of the owner's contract violation does not satisfy the statutory requirements. While such a breach of con-

tract may be sufficient to allow the recovery of damages of another type, such as out-of-pocket expenses and loss of anticipated profits, the statute prohibits the recovery of a commission, absent the production of a ready, willing, and able buyer.

Here, plaintiff's representative testified that he had discussed the sale of the property with several potential buyers and had informed defendant of their interest in the realty. Nevertheless, there is no evidence that plaintiff procured a buyer who was actually ready, willing, and able to purchase the property on the terms set forth in the listing agreement. *See Horton–Cavey Realty Co. v. Reese,* 34 Colo.App. 323, 527 P.2d 914 (1974). Hence, plaintiff was not entitled to the recovery of a commission for this alleged breach of contract, and there is no evidence upon which to base an award for damages of another type.

## II.

Generally, under an exclusive right to sell contract, if the property is sold within the time prescribed, the broker is entitled to a commission, irrespective of how the sale came about. *See Garrett v. Richardson,* 149 Colo. 449, 369 P.2d 566 (1962). Here, it is undisputed that defendant transferred her property to a partnership of which she was a member. Thus, the question presented is whether that transfer was a "sale or exchange" within the terms of the listing agreement. We hold, as a matter of law, that it was not.

Defendant withdrew her property from sale to form a partnership with Larkspur Mountain, Ltd. (Larkspur) for the purpose of developing a small luxury hotel on the site of the property. Defendant contributed her property to the partnership as her initial capital contribution and Larkspur contributed $75,000. Distributions were to be made, first, to defendant to the amount of her capital contribution, and then to Larkspur to the amount of its capital contribution. Thereafter, distributions were to be fifty per cent to defendant and fifty per cent to Larkspur. Any distributions required the unanimous consent of the partners and were to occur only if the partnership was profitable enough to justify such distributions.

Section 7–60–106 (1986 Repl.Vol. 3A) defines a partnership as "an association of two or more persons to carry on, as coowners, a business for profit." Under the statute, a partnership is not an entity separate from its partners. Thus, because the defendant retained an ownership interest in the property, there was only a change in the form of ownership, not a transfer of the property to another entity. *See Miller, Cowherd & Kerver, Inc. v. DeMontejo,* 406 So.2d 1196 (Fla.App.1981); *McElhinney v. Belsky,* 165 Pa.Super. 546, 69 A.2d 178 (1949).

Further, the conveyance of the title to the property to the partnership cannot be considered to be a "sale." *See McElhinney v. Belsky, supra.* Under the agreement between defendant and Larkspur, defendant received only a credit for a capital contribution of $500,000, which represented the market value of the property. She received no other compensation; there was no unconditional promise on the part of the partnership, or anyone else, to pay her anything; there was no security given to her; and she was not entitled to receive any interest payments on her capital account. Defendant's only right was to receive a share of future profits, if any.

Therefore, under the facts here, the conveyance of the title to the property by defendant to the partnership did not constitute either a sale or an exchange within the meaning of the listing agreement. *See Miller, Cowherd & Kerver, Inc. v. DeMontejo, supra; McElhinney v. Belsky, supra.*

The judgment is reversed, and the cause is remanded with directions to enter judgment for the defendant.

METZGER and HUME, JJ., concur.