CENTURY 21—JOSLYN REALTY &
DEVELOPMENT, INC.,
Plaintiff/Cross–Claimant–Appellee,

and

Fred D. Hesse,
Plaintiff/Cross–Claimant–Appellant,

v.

Edwin W. BAKER, Jr.; George A. Mc-
Donald; William B. Shepard; Joseph
Vecchio; Merle E. Nauman; Donald J.
Egan; Oxford Associates; and Spinna-
ker Partners, Defendants–Appellees.

No. 88CA0206.

Colorado Court of Appeals,
Div. V.

Aug. 3, 1989.

Rehearing Denied Aug. 31, 1989.

Certiorari Denied Dec. 18, 1989.

Lynch & Puckett, Daniel F. Lynch, Den-
ver, for plaintiff/cross-claimant-appellee
Century 21—Joslyn Realty & Development,
Inc.

Butler, Landrum & Pierce, P.C., Robert
G. Pierce, Lakewood, for plaintiff/cross-
claimant-appellant Fred D. Hesse.

Waldbaum, Corn, Koff and Berger, P.C.,
Michael H. Berger and Kenneth L. Baker,
Denver, for defendants-appellees Edwin W.
Baker, Jr., George A. McDonald, William
B. Shepard, Merle E. Nauman, Donald J.
Egan, Oxford Associates and Spinnaker
Partners.

No appearance for defendant-appellee Jo-
seph Vecchio.

Opinion by Judge REED.

Fred D. Hesse appeals the judgment of
the trial court which dismissed a portion of
his cross-claim against Century 21—Joslyn
Realty & Development, Inc. (Joslyn). This
dismissal was entered at the close of
Hesse's case after trial to the court. We
affirm.

During the events in controversy, Hesse
was a real estate salesperson employed by
Joslyn. Under his contract, he was entitled
to 70% of the net real estate commission
payable to Joslyn arising out of an agree-
ment procured by Hesse for sale and ex-
change of property between Spinnaker
Partners, et al. (Spinnaker), as seller, and
Regency Resources, Ltd. (Resources), as
prospective purchaser.

In general terms, Joslyn was entitled to
a commission approximating $150,000 from

Spinnaker upon consummation of the transaction of exchange or by a division of any payments forfeited by Resources. After several renegotiations of the existing agreement, Resources defaulted on its obligations as purchaser because of its financial inability and forfeited approximately $300,000 in payments, almost all of which had been made to Spinnaker's creditors.

Upon Spinnaker's refusal to pay any commissions, Joslyn, at Hesse's insistence, brought this action against Spinnaker and others, seeking recovery of its share of the forfeited payments by Resources. Spinnaker asserted the affirmative defense and counterclaim of fraud, claiming that Hesse had induced Spinnaker's agreements by misrepresenting the financial capacity of Resources. It sought damages upon its counterclaim against Joslyn in the amount of $500,000.

Before trial, and over Hesse's objections, Joslyn, Spinnaker, and the other then parties to the action, settled their controversy. Joslyn dismissed its claim upon Spinnaker's payment to it of $15,000. Spinnaker also dismissed its counterclaim and agreed to indemnify Joslyn against any claim asserted by Hesse arising out of the transaction.

Because of these settlement proceedings, shortly before trial, Hesse was allowed to intervene as a party plaintiff to assert a cross-claim against Joslyn. This cross-claim sought recovery of Hesse's share of the commissions actually received by Joslyn from the settlement, and also for damages for Joslyn's breach of contract in accepting this settlement in waiver of its claims, allegedly in violation of an implied duty owed to Hesse.

Trial was held to the court on Hesse's cross-claim against Joslyn. At the close of Hesse's evidence, the trial court found that Hesse had established a prima facie case for his share of the commissions actually received (subject to offsets claimed by Joslyn in its cross-claim). However, the court found insufficient evidence to establish a breach on the part of Joslyn and dismissed this portion of the cross-claim.

I.

Hesse contends that the trial court erred in dismissing his claim for breach of implied contractual duty owing to him. We disagree.

■ Whether his broker chooses to proceed against one from whom a commission is due, a salesperson, such as Hesse, is entitled to the commission to which he is contractually entitled provided that he can establish, in a suit against the broker, that he was the procuring cause in a real estate transaction which would have entitled the broker to a fee. *Becker v. Arnold*, 42 Colo.App. 178, 591 P.2d 596 (1979). The broker's entitlement to the commission is an essential element of the salesperson's claim. *Becker v. Arnold, supra.*

■ Hesse concedes, and we agree, that the counterclaim of Spinnaker would constitute a legitimate offset to the claim of the broker's commission. Here, the alleged fraudulent misrepresentation by Hesse was interposed by Spinnaker not only as a counterclaim, but also as an affirmative defense to the validity of the listing agreement. Contrary to the argument of Hesse, we agree with the trial court that in meeting his burden of proof, Hesse must establish by a preponderance of the evidence that Joslyn's claim against Spinnaker was not reduced by Spinnaker's counterclaim.

In an analogous situation of alleged wrongful settlement, we have held that the one claiming damages for another's failure to pursue a legal claim has the burden to establish that the pursuit of that claim would have been successful and to what extent. *See Coon v. Ginsberg*, 32 Colo. App. 206, 509 P.2d 1293 (1973).

Because it was a non-jury trial, the court was the finder of facts, *Teodonno v. Bachman*, 158 Colo. 1, 404 P.2d 284 (1965), and, accordingly, was the judge of the credibility of the witnesses. *West Denver Feed Co. v. Ireland*, 38 Colo.App. 64, 551 P.2d 1091 (1976). The issue presented on review is not whether Hesse presented a prima facie case, but whether a judgment in favor of Joslyn was justified by Hesse's evidence. If reasonable persons could differ as to the

facts and to the inferences and conclusions thereon, an appellate court may not interfere. *Horton–Cavey Realty Co. v. Reese,* 34 Colo.App. 323, 527 P.2d 914 (1974).

The only attempt by Hesse to disprove the validity of the counterclaim was by sparse testimony solely of Hesse himself. The trial court found, as the record supports, that such testimony was incredible as a matter of law. This it was entitled to do. *West Denver Feed Co. v. Ireland, supra.* On this state of the record, the trial court, as the finder of fact, was justified in finding at the close of the plaintiff's case, that Hesse had failed to prove any entitlement to an additional commission. *See Teodonno v. Bachman, supra.* Accordingly, the trial court was correct in dismissing the claim.

Judgment affirmed.

METZGER and RULAND, JJ., concur.