No. 2--96--0836

_________________________________________________________________

                                   IN THE

                        APPELLATE COURT OF ILLINOIS

                              SECOND DISTRICT

_________________________________________________________________

FOXFIELD REALTY, INC.,               )  Appeal from the Circuit Court

                                     )  of Kane County.

     Plaintiff-Appellant,            )

                                     )  No. 95--LM--3440

                                     )  

v.                                   )

                                     )

THEODORE KUBALA and BARBARA E.       )

KUBALA,                              )  Honorable 

                                     )  Donald J. Fabian, 

     Defendants-Appellees.           )  Judge, Presiding.

_________________________________________________________________

     PRESIDING JUSTICE GEIGER delivered the opinion of the court:

     The plaintiff, Foxfield Realty, Inc., a real estate broker,

appeals from the circuit court's order of May 6, 1996, dismissing

with prejudice (see 735 ILCS 5/2--615 (West 1994)) the plaintiff's

unverified complaint seeking the award of a real estate sales

commission allegedly owed by the defendants, Theodore and Barbara  E.

Kubala, pursuant to an exclusive right-to-sell agreement.  Following

the denial of its motion to reconsider, the plaintiff timely appeals. 

We affirm. 

     The plaintiff contends that the court's dismissal of the cause

of action and the denial of the motion to reconsider were erroneous

where the plaintiff's exclusive right-to-sell agreement with the

defendants (sellers) provided that the seller agreed to pay the

listing broker a commission of 6% of the full selling price,

including encumbrances, "if any sale or exchange is made by [the]

BROKER, by the SELLER or by anyone else" during the exclusive listing

period.  

     Initially, we note that there is no report of proceedings for

the hearing at which the order of dismissal was entered, but there is

one for the hearing on the motion to reconsider.  The complaint

alleged that the defendants were the owners of real property located

in St. Charles, Illinois.  On July 14, 1994, the plaintiff and the

defendants entered into a written listing agreement.  The defendants

signed the agreement as "SELLER."  The defendants appointed the

plaintiff as their agent with the exclusive right to sell the

property at the list price of $237,500 or such lesser amount as the

sellers agreed to accept.  The agreement was made in consideration

for, among other things, the plaintiff's efforts to procure a

purchaser for the property.  

     Under the agreement, the sellers had the usual obligations to

provide a current survey and a title policy as evidence of

merchantable title and to refer all inquiries made to the seller to

the listing broker.  The commission was due for covered transactions

during the exclusive period or if it were sold or exchanged within 60

days after the termination of the agreement (unless the property were

listed with another broker) to any "PURCHASER" to whom it was offered

or shown during the term of the agreement.  The exclusive period was

from August 5, 1994, through February 5, 1995. 

     The complaint alleged that the plaintiff advertised the property

and showed it to prospective purchasers.  It stated that the

plaintiff learned that Barbara conveyed her interest in the property

to Theodore by (quitclaim) deed, dated December 20, 1994, in exchange

for consideration in the form of property and an allocation of debt

as the result of a marital settlement agreement and pursuant to a

judgment of dissolution of the defendants' marriage.  The plaintiff

therefore concluded that the defendants became obligated to pay a 6%

commission on the $237,500 list price.

     Theodore moved to dismiss the complaint for the failure to state

a cause of action.  The motion stated that Theodore and Barbara owned

the property as joint tenants at the time of the agreement and that

on December 6, 1994, the court entered an agreed order dividing the

property in accordance with a prior order presumably entered in the

dissolution proceeding.  The December 6 order appears to be in

response to Theodore's  motion to compel the enforcement of a prior

judgment and orders inter alia Theodore to pay Barbara $103,000 in

satisfaction of certain credit card debts, the purchase of three life

insurance policies, Barbara's interest in the marital property, and

an award of $33,265 due according to the prior judgment.

     Appended to Theodore's motion was a copy of a quitclaim deed

dated December 20, 1994, and signed by Barbara; also appended were

copies of two checks dated December 19, 1994, totalling $103,000 and

a receipt signed by Barbara. Theodore asserted that the transaction

was a division of marital assets pursuant to a court order and not a

"sale."  Citing a Colorado case, Cooley Investment Co. v. Jones, 780

P.2d 29 (Colo. App. 1989), because of the lack of Illinois precedent, 

Theodore also argued that there was merely a change in the form of

ownership and not a transfer to another entity; thus, there was no

sale and no right of the plaintiff to a commission.  Barbara filed a

separate motion to dismiss also arguing that there was no sale

entitling the plaintiff to a commission. 

     An appeal from the dismissal of a complaint for the failure to

state a cause of action preserves for review only the question of the

legal sufficiency of the complaint.  Payne v. Mill Race Inn, 152 Ill.

App. 3d 269, 273 (1987).  In considering a motion to dismiss, all

well-pleaded facts are taken as true along with all reasonable

inferences favorable to the nonmoving party.  Payne, 152 Ill. App. 3d

at 273.   However, a motion to dismiss does not admit conclusions of

law or of fact that are not supported by allegations of specific

facts which form the basis for such conclusions.  Payne, 152 Ill.

App. 3d at 273.  Exhibits attached to the pleadings are considered

part of the pleadings, and allegations in the pleadings which

conflict with facts disclosed in the exhibits are not admitted as

true; rather, the exhibits control.  Evers v. Edward Hospital Ass'n,

247 Ill. App. 3d 717, 724 (1993).  The granting of a motion to

dismiss a complaint is within the discretion of the trial court. 

Evers, 247 Ill. App. 3d at 724. 

     A claim should not be dismissed on the pleadings unless it

clearly appears that no set of facts can be proved under the

pleadings which will entitle a party to recover.  F.H. Prince & Co.

v. Towers Financial Corp., 275 Ill. App. 3d 792, 797 (1995).  Whether

a complaint states a cause of action based on the interpretation of

a contract may be the subject of a motion to dismiss where the

question presented is a matter of law.  See, e.g., Evers, 247 Ill.

App. 3d 717; Chicago Investment Corp. v.  Dolins,  93 Ill. App. 3d

971, 974 (1981); see also Camp v. Hollis, 332 Ill. App. 60 (1947). 

     The trial judge, who was the same in both the dissolution

proceeding and the contract action, was in a position to take

judicial notice of the facts in the dissolution proceeding.  We do

not have the benefit of a complete record from either proceeding.  At

the hearing on the motion to reconsider, the trial judge noted that

both owners of the property signed the listing agreement.  He

concluded that a cause of action was not properly pleaded as no

commission was triggered under the agreement where one signatory

merely transferred her interest to the other.  We agree with this

result. 

      The question presented is whether the trial court properly

construed the exclusive sales agreement to mean that Barbara's

quitclaim of her interest in the property, pursuant to a judgment in

the marriage dissolution proceeding which ordered a division of the

defendants' assets, did not obligate the defendants to pay a

commission to the plaintiff.  The facts are essentially undisputed. 

Since the real dispute centers on the interpretation of the contract,

the legal effect and interpretation of the contract is a question of

law.  See Kennedy, Ryan, Monigal & Associates, Inc. v. Watkins, 242

Ill. App. 3d 289, 295 (1993).   

     In an exclusive sales agreement (as opposed to an exclusive

agency agreement), the broker may become entitled to a commission if

the property is sold by anyone during the life of the agreement. 

Kennedy, 242 Ill. App. 3d at 294.  However, in determining whether

there was a sale that triggered a commission, the court must

ascertain the intent of the parties as evidenced in the contract as

a whole, and not merely by reference to particular words or isolated

phrases.  Kennedy, 242 Ill. App. 3d at 295.  In determining the

parties' intent, the court simply looks to the contract as ultimately

executed; when the contract terms are clear and unambiguous they must

be given their ordinary and natural meaning, and no parol evidence

may be considered to vary the meaning of the terms; whether an

ambiguity exists is itself a question of law for the court.  Hammel

v. Ruby, 139 Ill. App. 3d 241, 247 (1985).  

     Although the term "sale" has no fixed or invariable meaning, it

is to be interpreted in accordance with the manifest intention of the

parties.  Felbinger & Co. v. Traiforos, 76 Ill. App. 3d 725, 732

(1979).  We find that the language of the contract is not ambiguous

and must be given its ordinary and natural meaning within the context

of the contract.  See Hammel, 139 Ill. App. 3d at 247.  The plaintiff

maintained in the trial court that the contract is unambiguous, but

nevertheless urges that its construction of the term "sale" controls. 

It is not what one of the parties may have intended that controls,

but what is shown by the contract to have been the intention of both

parties.  Blackhawk Hotel Associates v. Kaufman, 80 Ill. App. 3d 462,

465 (1979).  The language of a contract is not ambiguous simply

because the parties disagree upon its meaning (Omnitrus Merging Corp.

v. Illinois Tool Works, 256 Ill. App. 3d 31, 37 (1993)), nor is it

ambiguous if the court can determine its meaning without any guide

other than a knowledge of the simple facts on which, from the nature

of language in general, its meaning depends (Shultz v. Delta-Rail

Corp., 156 Ill. App. 3d 1, 10 (1987)).  

     Finally, to the extent that a contract is susceptible of two

interpretations, one of which makes it fair, customary, and such as

prudent persons would naturally execute, while the other makes it

inequitable, unusual, or such as reasonable persons would not be

likely to enter into, the interpretation which makes a rational and

probable agreement must be preferred.  Kokinis v. Kotrich, 74 Ill.

App. 3d  224, 229 (1979); Camp, 332 Ill. App. at 68.  Courts will

construe a contract reasonably to avoid absurd results.  Wachta v.

First Federal Savings & Loan Ass'n, 103 Ill. App. 3d 174, 181 (1981).

     A sale is defined as a "contract between two parties, called

respectively, the 'seller' (or vendor) and the 'buyer' (or

purchaser), by which the former, in consideration of the payment or

promise of payment of a certain price in money, transfers to the

latter the title and the possession of [the] property."  Black's Law

Dictionary 1337 (6th ed. 1990) (Black's).  It is also defined as a

"contract whereby property is transferred from one person to another

for a consideration of value, implying the passing of the general and

absolute title, as distinguished from a special interest falling

short of complete ownership."  Black's at 1337.  A further definition

states in part that to constitute a sale, "there must be parties

standing to each other in the relation of buyer and seller."  Black's

at 1337. Illinois courts have recognized various transactions as

constituting sales--including the transfer of property for any kind

of valuable consideration such as the extinguishment of a debt or a

transfer where the grantee is the holder of a note secured by a

mortgage even where effectuated by a court order or by a foreclosure

sale.  See Blackhawk, 80 Ill. App. 3d 462.  

     The fact that many types of property transfers for consideration

may come within the meaning of the term "sale" does not resolve

whether the transaction here was one reasonably contemplated by the

parties.  For that, we rely on the cardinal rule of contract

construction and examine the entirety of the contract language to

ascertain the intention of the parties. Notwithstanding any technical

definition of the term "sale" that the plaintiff urges us to accept,

it is clear to us that the plaintiff's construction of the contract

would produce an unusual, unintended, unreasonable, absurd, and

inequitable result.  This we cannot abide. 

     First, it is clear that an important consideration stated in the

contract was the plaintiff's efforts to procure a qualified purchaser

for the entire property, and not just a part interest in it. The

limited record suggests that, in the dissolution proceeding, the

court ordered the couple to place their property up for sale in order

to divide their assets, and, in order to actually facilitate the

sale, the court appears to have ordered the change in ownership.  The

trial court was in a better position to take notice of the facts in

the dissolution proceeding and matters presented at the original

hearing on the motion to dismiss.  We are, however, limited to

considering the record before us.

     There is no doubt that a broker's commission would have become

due if the entire property had been sold to a third-party buyer,

regardless of whose efforts brought about the sale.  One of the

obvious purposes of an exclusive right-to-sell agreement is to

prevent the seller from showing or offering the property to others

without informing the broker so as to avoid paying a commission. 

Theodore and Barbara, who were joint tenants, obviously signed the

listing agreement jointly as "SELLER" with the intent of disposing of

the whole property to a third-party "PURCHASER" and not with the

intent of transferring only a part interest in the property pursuant

to a judicially ordered division of assets.  Their duties and

obligations, for example, in showing the property or providing

evidence of merchantable title, are clearly aimed at producing a sale

to other prospective purchasers.  

     It is inconceivable that the joint sellers here reasonably

contemplated that they would be liable for a large commission for any

partial transfer of one seller's interest, possession, and title to

the other seller or upon any change between themselves in the

ownership of the property.  No reasonable person would enter into a

sales contract in which he subjected himself to an unnecessary and

unearned commission for the sale of property to himself or to his

spouse under the circumstances presented.  There is nothing

whatsoever in the agreement to suggest even remotely that the broker

was hired to facilitate the division or partition of their joint

tenancy.  

     Though not precisely on point, Cooley Investment, 780 P.2d 29

(Colo. App. 1989), adds some support to our conclusion.  In Cooley,

where the seller retained an ownership interest in the property and

transferred her property to a partnership in which she had an

interest, there was merely a change in the form of ownership and not

a complete "sale" to another entity warranting a commission under an

exclusive right-to-sell contract.  Here, the plaintiff has cited

Illinois cases where a sale was found to be within one of the usual

meanings of the term where it occurred between the owner and a third-

party entity such as a mortgagee or guarantor.  See Hammel, 139 Ill.

App. 3d 241; Blackhawk, 80 Ill. App. 3d 462; Felbinger, 76 Ill. App.

3d 725.  The plaintiff has cited no authority having the facts

present here.  

     The trial court properly construed the contract so as not to

trigger a commission to the plaintiff.  The plaintiff's

interpretation of the contract is so unusual that it would have

unintended, illogical, absurd, and inequitable results.  If the

plaintiff intended for these unusual circumstances to obligate the

seller to pay a commission, it could easily have included such an

express provision in the agreement.  See Ebrahim v. Checker Taxi Co.,

128 Ill. App. 3d 906, 908 (1984).  We doubt that any rational seller

would have agreed to such a provision.   

     For the foregoing reasons, the judgment of the circuit court of

Kane County is affirmed. 

     Affirmed. 

     DOYLE and RATHJE, JJ., concur.