In re Thomas A. POTTER, Debtor.

Thomas A. Potter, Appellant,

v.

Wayne Drewes, Appellee.

BAP No. 98–6057NDF.

United States Bankruptcy Appellate Panel of the Eighth Circuit.

Submitted Nov. 13, 1998.

Decided Jan. 11, 1999.

John D. Waller, William E. McKechnie, Grand Forks, ND, for appellant.

Kip M. Kaler, Fargo, ND, for appellee.

Before KOGER, Chief Judge, SCOTT and MAHONEY,[1] Bankruptcy Judges.

---

1. The Honorable Timothy J. Mahoney, Chief Judge, United States Bankruptcy Court for the District of Nebraska, sitting by designation.

MAHONEY, Bankruptcy Judge.

Thomas Potter, the debtor, appeals the order of the bankruptcy court entered June 17, 1998, closing this case, but preserving the debtor's interest in a testamentary trust as an unadministered asset, with the case to be reopened upon realization of the asset.

We have jurisdiction to hear this appeal pursuant to 28 U.S.C. § 158(b) and (c).

## FACTUAL BACKGROUND

Debtor Thomas Potter ("Potter") holds a contingent remainder in the corpus of the Lena M. Potter Trust. Ralph Potter, the debtor's grandfather, is the life beneficiary of the trust and is currently 91 years old. Upon the death of Ralph Potter, the corpus of the trust in the approximate amount of $150,000 is to be divided equally between the debtor and the debtor's sister, should they survive Ralph Potter. The debtor is currently in his mid-forties. Counsel for the debtor conceded that the trust is not a spendthrift trust and that the likely distribution to the bankruptcy estate would be $75,000 if the debtor survives Ralph Potter.

Potter filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code on April 22, 1994. The case was converted to Chapter 7 on August 23, 1994. On March 26, 1998, the bankruptcy trustee received an offer to purchase the bankruptcy estate's interest in the trust assets for the sum of $17,000. The trustee concluded, however, that the bankruptcy estate would be better served by waiting for the contingency to arise and decided, therefore, to decline the purchase offer. The bankruptcy trustee then filed a motion to close the case, but be allowed to reopen to administer the asset upon realization.

In response, Potter amended his schedules to state that the value of his interest in the trust at the time the bankruptcy petition was filed was $0.00, and claimed it as exempt. Potter opposed that portion of the bankruptcy trustee's motion which sought to preserve the trust interest as an unadministered asset, maintaining that such action would serve to grant the estate a more valuable interest than that which Potter had at the time of filing.

Potter appeals the granting of the bankruptcy trustee's motion and requests that we remand the case to the bankruptcy court to determine the value of the asset at the time of filing.

For the reasons discussed below, we affirm the bankruptcy court's decision to order the case closed, but to preserve the Potter trust as an unadministered asset, with the case to be reopened upon realization of the asset.

## STANDARD OF REVIEW

On appeal, we review the bankruptcy court's findings of fact for clear error and its conclusions of law de novo. Fed. R. Bankr.P. 8013; *In re Usery*, 123 F.3d 1089, 1093 (8th Cir.1997); *O'Neal v. Southwest Mo. Bank (In re Broadview Lumber Co.)*, 118 F.3d 1246, 1250 (8th Cir.1997) (citing *First Nat'l Bank of Olathe v. Pontow*, 111 F.3d 604, 609 (8th Cir.1997)).

## DISCUSSION

■ Prior to enactment of the Bankruptcy Act of 1978, the United States Supreme Court specifically considered the definition and the reach of the term "property" in *Segal v. Rochelle*, 382 U.S. 375, 86 S.Ct. 511, 15 L.Ed.2d 428 (1966), stating that "the term 'property' has been construed most generously and an interest is not outside its reach because it is novel or contingent or because enjoyment must be postponed." *Segal v. Rochelle*, 382 U.S. at 379, 86 S.Ct. at 515, 15 L.Ed.2d at 432. When Congress enacted Section 541 of the Bankruptcy Code, it affirmatively adopted the Supreme Court's analysis of property that was contained in *Segal*. *Barowsky v. Serelson*, 946 F.2d 1516, 1518 (10th Cir.1991) (footnote and citations omitted). Section 541 of the Bankruptcy Code defines "property of the estate" broadly to include all of the debtor's interests, both legal and equitable. *Matter of Yonikus*, 996 F.2d 866, 869 (7th Cir.1993) (citing *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 204–05 and nn. 8, 9, 103 S.Ct. 2309, 2313 and nn. 8, 9, 76 L.Ed.2d 515 (1983)). The breadth of Section 541 is limited only by

subsections (b) and (c).[2] Courts have thus consistently held that Section 541 applies to contingent interests. *See In re Neuton,* 922 F.2d 1379, 1382–83 (9th Cir.1990) (collecting cases).

Potter does not dispute that the trust interest is property of the estate. Instead, he contends that the estate's interest under Section 541(a)(1) is limited to the value of that beneficial interest as it existed on the date of the filing of the petition for relief. The bankruptcy court did not adopt Potter's argument and we agree. Nothing in Section 541 suggests that the estate's interest is anything less than the entire asset, including any changes in its value which might occur after the date of filing. In fact, quite to the contrary, Section 541(a)(6) specifically includes as part of the estate all "[p]roceeds, product, offspring, rents, or profits of or from property of the estate, except such as are earnings from services performed by an individual debtor after the commencement of the case." A change in the value of an asset does not fall within the purview of "earnings from services performed by an individual debtor," nor does such a change fall within the exceptions of subsections (b) or (c) of Section 541, which are quoted in footnote 2 above. An increase in the value of an asset might best be described as appreciation. Except to the extent of the debtor's potential exemption rights, post-petition appreciation in the value of property accrues for the benefit of the trustee. *In re Paolella,* 85 B.R. 974, 976 (Bankr.E.D.Pa.1988). *See also In re Hyman,* 967 F.2d 1316 (9th Cir.1992); *In re Prospero,* 107 B.R. 732, 736 (Bankr.C.D.Cal. 1989). Unless there is a valid spendthrift provision which exclude's the debtor's trust interest pursuant to Section 541(c)(2), *"every* right of the debtor under the trust becomes property of the estate." *Collier on Bankruptcy,* § 541.11[6][a], p. 541–54.7 (15th ed. rev. 1998) (emphasis added).

Potter cites *In re Dias,* 37 B.R. 584 (Bankr.D.Idaho 1984), in support of his assertion that the trustee is entitled only to the value of the asset as of the petition date. The court in *Dias* does in fact conclude that the change in value of the asset after the petition date belongs to the debtor; however, the court does so without explanation or citation to other authority. In view of the fact that Section 541 makes no mention of limiting the trustee to any particular value, and in view of the text of Section 541(a)(6), we conclude that the analysis regarding value in *Dias* is not persuasive. Whether or not Potter survives the life beneficiary, Potter's entire trust interest, including any appreciation thereon, is property of the estate.

Although the issue of reopening the case at some future date was addressed to a limited extent by the parties in their briefs and at oral argument, the issue was not appealed by Potter and therefore need not be further addressed.

## CONCLUSION

We affirm the bankruptcy court's decision to order the case administratively closed, but to preserve the bankruptcy estate's interest in the Potter trust as an unadministered asset, with the case to be reopened upon realization of the asset.

**2.** (b) Property of the estate does not include-

(1) Any power the debtor may exercise solely for the benefit of an entity other than the debtor;

(2) Any interest of the debtor as a lessee under a lease of nonresidential real property . . .

(3) Any eligibility of the debtor to participate in programs authorized under the Higher Education Act of 1965 . . .

(c) (2) A restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title.