**In re Steven Edward SHIPMAN and Kimberly Sue Shipman, Debtors.**

No. 00–32010.

United States Bankruptcy Court, N.D. West Virginia.

April 5, 2006.

494

Aaron C. Amore, Kratovil & Amore PLLC, Charles Town, WV, Stephen R. Fielder, Lead Attorney, Bunker Hill, WV, for Debtors.

### MEMORANDUM OPINION

PATRICK M. FLATLEY, Bankruptcy Judge.

Steven Edward Shipman and Kimberly Sue Shipman (the "Debtors") filed a mo-tion for appropriate relief to purchase or redeem the non-exempt portion of their principal residence from Robert W. Trum-ble, the Chapter 7 trustee ("Trustee"). The Debtors contend that the value of the real property is about $126,900, as stated in their August 7, 2000 petition, and seek to purchase the property from the Trustee based on that value. The Trustee states that the value of the real property as of April 2006 is $288,500, which is not con-tested by the Debtors, and the Trustee objects to any sale of the Debtors' princi-pal residence for less than its current fair market value.

■ This matter came before the court for a telephonic hearing on April 4, 2006, at which time the court considered the arguments of the parties and took the matter under advisement. For the rea-sons stated herein, the court finds that—if the Debtors desire to purchase their prin-cipal residence from the Trustee—the Debtors must pay the Trustee the value of the excess equity in the property based on the property's current fair market value, $288,500.

■ To the extent that the Debtors' motion is styled as a motion to redeem under 11 U.S.C. § 722 of the Bankruptcy Code, the motion is denied. Section 722 redemption only applies to tangible per-sonal property. § 722 ("An individual debtor may ... redeem tangible personal property ...."); In re Laubacher, 150 B.R. 200, 203 (Bankr.N.D.Ohio 1992) ("Section 722 is by its terms inapplicable to real property ...."); In re Douthart, 123 B.R. 1, 3 (Bankr.D.N.H.1990) ("[I]t is evi-dent from a reading of section 722 that Congress did not intend to permit chapter 7 debtors to redeem real property....").

Money received from the sale of proper-ty constitutes the proceeds of that proper-ty; consequently, when a Chapter 7 trus-

tee sells property of the estate, the trustee is entitled to any post-petition appreciation in value of the property. 11 U.S.C. § 541(a)(6) (stating that the bankruptcy estates is comprised of, inter alia, "[p]roceeds ... of or from property of the estate...."). *E.g., In re Reed*, 940 F.2d 1317, 1323 (9th Cir.1991) ("We interpret this language to mean that appreciation enures to the bankruptcy estate, not the debtor."); *Potter v. Drewes (In re Potter)*, 228 B.R. 422, 424 (8th Cir. BAP 1999) ("Nothing in Section 541 suggests that the estate's interest is anything less than the entire asset, including any changes in its value which might occur after the date of filing.... Except to the extent of the debtor's potential exemption rights, post-petition appreciation in the value of property accrues for the benefit of the trustee."); *In re Paolella*, 85 B.R. 974, 977 (Bankr. E.D.Pa.1988) ("Because a sale does not generally, if ever, occur simultaneously with formation of a bankruptcy estate, § 541(a)(6) mandates that the estate receive the value of the property at the time of the sale. This value may include appreciation or be enhanced by other circumstances creating equity which occur post-petition.").

■ Moreover, a trustee's decision to sell a debtor's real property outside the ordinary course of business under 11 U.S.C. § 363(b) is reviewed by the court for compliance with the business judgment rule, i.e., the court must ensure that the trustee is making a decision that is not based on self interest or self dealing, and that the decision to sell is made on an informed basis, in good faith, and in the honest belief that the sale is in the estate's best interest. *Black's Law Dictionary* 212 (8th ed.2004). *See also In re G.S. Distrib.*, 331 B.R. 552, 559 (Bankr.S.D.N.Y.2005) ("In determining whether to approve a proposed sale under this section, courts require that the sale be based upon the sound business judgment of the debtor."); 3 *Collier on Bankruptcy* ¶ 363.02[1][f] (15th ed. rev.2006) ("In determining whether to approve a proposed sale under section 363, courts generally apply standards that, although stated variously ways, represent essentially a business judgment test."). In determining if the business judgment rule is satisfied, a sale is generally reviewed against four requirements: "(1) a sound business purpose exists for the sale; (2) the sale price is fair; (3) the debtor has provided adequate and reasonable notice; and (4) the purchaser has acted in good faith." *In re Decora Indus.*, 2002 WL 32332749 at *2, 2002 U.S. Dist. LEXIS 27031 at *8 (D.Del. May 20, 2002). Had the Trustee proposed to sell property having a current fair market value of $288,500 to the Debtors for $126,900, the court would not likely be able to approve that sale as being a sound exercise of the Trustee's business judgment.

Consequently, consistent with § 541(a)(6) of the Bankruptcy Code, post-petition appreciation of property of the estate enures to the benefit of the Trustee. Therefore, if the Debtors wish to purchase property of the estate from the Trustee, they must pay the appreciated value of the property since the time of the petition. The Trustee has stated that the current fair market value of the property is $288,500, which is not contested by the Debtors.

The court will enter a separate order pursuant to Fed. R. Bankr.P. 9021.